543 A.2d 155

Norwood A. McDaniel Agency, Petitioner *v.* Constance B. Foster, Insurance Commissioner, Commonwealth of Pennsylvania and The Aetna Casualty and Surety Company, Respondents.

Heard January 7, 1988, before Judge DOYLE.

*Michael A. Dillon,* with him, *William R. Balaban, Balaban & Balaban,* for petitioner.

*Karen Gantt,* with her, *Terrance J. Fitzpatrick, Linda Wells,* Chief Counsel, for respondent, Insurance Commissioner.

*M. Hannah Leavitt, Baskin, Flaherty, Elliott, Mannino & Beren,* for respondent, Aetna Casualty & Surety Company.

OPINION AND ORDER BY JUDGE DOYLE, February 1, 1988:

Before us in our original jurisdiction is an application for peremptory mandamus and preliminary injunction filed by the Norwood A. McDaniel Agency (Petitioner). Petitioner is engaged in the insurance business in Pennsylvania and is an "agent" as that term is defined in Section 1 of the Act of September 22, 1978, P.L. 763, *as amended,* 40 P.S. §241 (Act 143). Respondent Aetna Casualty and Surety Company (Aetna) is an insurer as defined in Section 1 of Act 143 and is licensed by Respondent Insurance Department.

By letter dated July 22, 1987 Aetna notified Petitioner that the agency agreement which had existed between the parties for twenty-nine years was terminated insofar as it affected Petitioner's rights to write personal property and casualty lines with Aetna (essentially home owners and automobile liability policies). The letter gave October 31, 1987 as the effective date of termination, but this date was later extended by agreement to January 1, 1988. The July letter advised Mr. McDan-

iel, head of the Petitioner agency, of his right to request review of the termination decision by the Insurance Commissioner.[1] Petitioner timely requested review in a letter dated July 29, 1987.[2]

Section 2 of Act 143 provides in pertinent part:

(d) Administrative review.—Any agent may within 30 days of receipt of notice of termination, request in writing to the Insurance Commissioner that he review the action of the insurer for the purpose of determining that said termination was in compliance with the provisions of this section.

(e) Restriction on termination.—No insurer shall terminate its contract with an agent due to the adverse experience of a single year. Prior to such termination it shall be the obligation of the insurer to demonstrate that it has made a reasonable attempt to rehabilitate such agent.

As of the date of this opinion and order the only significant Department action which has taken place in

---

[1] The letter stated, in pertinent part,

According to [Section 2 of Act 143, 40 P.S. §242] you have the right to request a review of our termination decision. This [Section] states:

Administrative review—Any Agency may within 30 days of receipt of notice of termination, request in writing to the Insurance Commissioner that he review the action of the insurer for the purpose of determining that said termination was in compliance with the provisions of this section.

[2] On December 18, 1987 amendments to Sections 2(d) and 2(e) of Act 143 were enacted. Further, a new Section, 2(f), was added. The amending act appears in Section 1 of the Act of December 18, 1987, P.L. 418 (Act 88). The rights of the parties, however, were fixed prior to the effective date of Act 88. *See Rudolph Rosa, Inc. v. Latrobe Brewing Co.,* 347 Pa. Superior Ct. 551, 500 A.2d 1194 (1985).

this matter consisted of a meeting which is most aptly described as a settlement or mediation conference. Both Mr. McDaniel and an Aetna representative were present at a December 2, 1987 meeting along with Mr. Sebastian, Chief of the Consumer Services Division of the Department, who was authorized by the Insurance Commissioner to attempt to mediate disputes between insurance companies and their agents. This conference was not stenographically recorded, witnesses were not placed under oath, and there was no cross-examination. All parties agreed that what occurred was not a due process hearing as defined in Sections 501-508 of the Administrative Agency Law, 2 Pa. C. S. §§501-508. Subsequent to the meeting, Mr. Sebastian sent all parties a letter containing "findings" that Aetna had not violated the Act, and that it had attempted to rehabilitate the Petitioner Agency. The letter also requested that "this termination be extended until October 31, 1988" but indicated that Petitioner could not write new automobile policies. Finally, the letter indicated that both the insurer and the agency had the right to appeal Mr. Sebastian's determination to the Insurance Commissioner pursuant to the Rules of Administrative Practice and Procedure.

It is Petitioner's position that Section 2(d) entitles him to a review of the termination action by the *Commissioner* before the insurer's termination can become effective; that no such review has been forthcoming, and that Aetna should be enjoined from terminating its agreement until such review occurs. Further, Petitioner seeks from this Court peremptory mandamus compelling the Commissioner to afford Petitioner administrative review.

Because this case is before us in the procedural posture of a motion for preliminary injunction, we must consider the following criteria in determining whether

to grant the relief requested: (1) is the injunction necessary to prevent immediate and irreparable injury not compensable in damages (2) would greater harm result from denying the injunction than from granting it (3) is the plaintiff's right to relief clear (4) will the status quo be restored if the injunction is granted. *Pennsylvania Interscholastic Athletic Association, Inc. v. Greater Johnstown School District*, 76 Pa. Commonwealth Ct. 65, 463 A.2d 1198 (1983).

Mr. McDaniel testified that the immediate effect of the termination was to preclude him from writing new policies for personal property and casualty lines of insurance. The termination does not, however, affect his ability to write commercial insurance or, for the present time, does it affect his renewal business or other lines of insurance he maintains with Aetna. Renewals will be accepted by Aetna until the end of October 1988. Mr. McDaniel further explained that the prohibition against writing new automobile policies is particularly detrimental to him because only if he can write homeowners *and* automobile insurance policies together for the same individual with the same company can he offer a five percent discount which gives him a necessary competitive edge. Finally, this witness explained that the immediate effect of the termination is to preclude him from writing eight to twelve new policies a week and that such result is "devastating." In contrast, Aetna's witnesses did not present evidence that the degree of harm to Aetna would be that serious were Petitioner permitted to continue to write new policies during the pendency of this litigation. Thus, on balance, we believe that the immediate and irreparable harm being suffered by Petitioner is greater than any harm which might be suffered by Aetna.

Next, we must consider whether Petitioner has a clear right to relief. We read Section 2(d) to require a

*review* by the *Insurance Commissioner* or her lawful designee *prior to* the termination of an agent's contract when such review is timely requested. This conclusion is reached because the Sections of Act 143 must be read in *pari materia.* Section 2(e) mandates that the insurer, upon the agent's request for a 2(d) review, demonstrate compliance with the rehabilitation provision. The only individual to whom such demonstration could logically be given is the Commissioner or her lawful designee. Further, Section 2(e) makes it clear that the demonstration must be given *prior to* the termination. Because we find that the review provisions have not been complied with and further find that the termination has actually taken effect, we hold that Petitioner has stated a clear right to relief.

While we found Mr. Sebastian to be a most credible witness, this Court does not believe that the mediation procedures which he has been authorized to perform constitute a "review" within the intendment of Section 2(d). And although we commend the Insurance Commissioner on her efforts to resolve amicably such disputes, settlement procedures such as those used here cannot be a substitute for the statutorily proscribed "review."

The Department contends that Petitioner had never asked for a formal hearing and, hence, has failed to exhaust administrative remedies. Although there was no request for such a hearing *subsequent to Mr. Sebastian's letter being sent,* we note that Mr. McDaniel stated in his July 29, 1987 letter to Mr. Sebastian "I am respectfully requesting that a hearing be scheduled to review this unfair agency termination as soon as possible." This letter was in direct response to Aetna's letter advising him of his 2(d) right of review under Act 143. We therefore find that a request for a Section 2(d) review was, in fact, made and do not believe that the in-

tervening conference, which did *not* constitute a Section 2(d) review, vitiated that request. Equally without merit is the Department's contention that Petitioner's request for a hearing was not directed to the Commissioner, but to Mr. Sebastian. Inasmuch as Petitioner's letter was clearly in response to Aetna's letter informing him of his 2(d) right of review, the fact that the letter was addressed to Mr. Sebastian is of no moment.

Having determined that a review in this case is required, we take this opportunity to explain what Section 2(d) dictates. As previously indicated, there must be "a review" by the Commissioner or her lawful designee *prior to* the effective termination of the agency contract. But we do not believe that such review must comport with the practice and procedure provisions of Sections 501-508 of the Administrative Agency Law, requiring, *inter alia*, stenographically recorded proceedings and cross-examination of witnesses. Although Petitioner argues for such procedures, relying upon Section 5(9) of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, *as amended*, 40 P.S. §1171.5(9), and Section 5(4) of the Act of June 5, 1968, P.L. 140, *as amended*, (Act 78), 40 P.S. §1008.5(4), we find that those particular statutes are distinguishable and inapplicable.

Section 5(9) of the Unfair Insurance Practices Act provides an *insured* with the right to a "review" by the Commissioner of the cancellation of a home owners or personal property policy. Significantly, however, Section 8, 40 P.S. §1171.8, which is titled "Administrative hearing," specifically provides the *insured* with an opportunity to be heard and to show cause why a cease and desist order should not issue and specifically permits the Commissioner to administer oaths, receive evidence, examine and cross-examine witnesses and subpoena persons and documents. Thus, it is clear that a

somewhat elaborate hearing procedure was contemplated by the legislature.

Petitioner also relies upon Section 5(4) of Act 78 which provides that an *insured individual* whose automobile insurance is cancelled has the right to seek a "review" by the Commissioner. Section 9 of Act 78, 40 P.S. §1008.9, in establishing the review procedures for a policy termination, contains language similar to that appearing in Section 8 of the Unfair Insurance Practices Act.[3] Interestingly, Section 10 of Act 78, 40 P.S. §1008.10, specifically states that the review provided shall *not* be subject to the provisions of Sections 501-508 of the Administrative Agency Law, although Section 10 does preserve the right of appeal appearing in Sections 701-704 of the Administrative Agency Law, 2 Pa. C. S. §§701-704. Further, both Section 8 of the Unfair Insurance Practices Act and Section 9 of Act 78 direct that subsequent to the proceedings the Commissioner "shall issue a written order . . ."

In contrast, the review envisioned in this case is one afforded to *agents,* not insureds. More importantly, nothing in the language of Act 143 specifies that an elaborate due process hearing of the nature envisioned in the Administrative Agency Law is required. It is evident when looking at the other statutes previously discussed that the legislature knows how to provide for elaborate due process procedures when it wishes. Accordingly, we must conclude that in cases arising under Act 143 a hearing of the magnitude contemplated in the Administrative Agency Law is not required.

. Finally, we must determine whether granting the preliminary injunction would restore the status quo. We

---

[3] We note that Section 9 also provides that where review of a cancellation or non-renewal is sought, the policy is to remain in effect until the conclusion of the review.

believe that permitting Mr. McDaniel to carry on business as usual, including writing new policies until such time as his statutory right to a Section 2(d) review is fulfilled, would do just that. Accordingly, we shall enter an order preliminarily enjoining Aetna from enforcing its termination of Petitioner's new business, such order to remain in effect until the Commissioner or her lawful designee conducts a Section 2(d) review. Because we grant this relief, we believe it is unnecessary to grant, in addition, peremptory mandamus. We shall assume that the Insurance Commissioner will see that a review of this matter is carried out expeditiously.[4]

## ORDER

Now, February 1, 1988, it is hereby ordered that a preliminary injunction is granted and is to continue in effect until such time as the Insurance Commissioner or her lawful designee conducts a Section 2(d) review and submits to the parties her conclusions after implementing such a review. Further, it is ordered that Petitioner's request for peremptory mandamus is denied. This case is hereby transferred to the Insurance Commissioner pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103.

---

[4] Petitioner also alleged in his petition that Aetna has not complied with the provision in Section 2(e) of Act 143 requiring the insurance company to show that it took steps to rehabilitate an agent before it can terminate its contract. We believe that that matter is within the expertise of the Commissioner and direct her to consider in her review whether there was an attempt to rehabilitate. We note that Mr. Sebastian found "that a reasonable attempt to rehabilitate was made."