569 A.2d 399

**Ronald A. MASSARI, Petitioner,**

v.

**Constance B. FOSTER, Insurance Commissioner, Commonwealth of Pennsylvania and American National Property and Casualty Co., Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1989.

Decided Jan. 26, 1990.

---

D. Michael Fisher, Houston–Harbaugh, Pittsburgh, for petitioner.

Arthur Selikoff, Asst. Counsel, with him, Jean M. Callihan, Asst. Counsel, Victoria A. Reider, Deputy Chief Coun-

sel, and Linda J. Wells, Chief Counsel, Harrisburg, for respondent, Insurance Dept.

Albert McBride, Jr., with him, Franklyn E. Conflenti, Cauley and Conflenti, Pittsburgh, for respondent, American Nat. Property and Cas.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Ronald A. Massari (Massari) appeals from an order of Stephen J. Neary (Neary), Chief Hearing Examiner, Administrative Hearings Office, Pennsylvania Insurance Department (Department), which dismissed Massari's request for review of the termination of his agency contract by American National Property and Casualty Company (ANPAC).

On September 20, 1983, Massari entered into an agency contract with ANPAC whereby Massari became an ANPAC general agent. By letter dated February 11, 1988 ANPAC notified Massari that it was terminating his agency contract with ANPAC effective March 12, 1988. ANPAC's reason for the termination was that Massari had entered into working agreements with other property and casualty companies in violation of section 1, paragraph 7–K of the September 20, 1983, agency agreement.[1]

Massari, was terminated on March 12, 1988 and all ANPAC policies written by or assigned to Massari were transferred to other ANPAC agents. By an earlier letter dated March 4, 1988, Massari sought review by the Commissioner of his termination pursuant to the provisions of the Act of

---

[1]. Section one, paragraph 7–K of the September 20, 1983, agency agreement between Massari and ANPAC states:

> 7. The GA covenants and agrees not to commit any of the following acts:
>
> . . . . .
>
> k. Be licensed with any other property and casualty insurance company without the Company's written consent. The GA will not directly or indirectly write or service insurance for any other property and casualty company (other than through an assigned risk plan).

September 22, 1987, P.L. 763, No. 143, *as amended,* 40 P.S. §§ 241–246 (Act 143).

Neary, who had been designated by the Commissioner to conduct the review of agency contract terminations under Act 143 and to render decisions thereon, scheduled a conference for April 22, 1988, to review Massari's termination. At Massari's request, the conference was rescheduled to May 4, 1988. However, by letter dated April 8, 1988, ANPAC requested dismissal on the basis that Act 143 did not apply and thus the Commissioner did not have jurisdiction. Neary proceeded to obtain a copy of the contract between ANPAC and Massari from counsel for ANPAC. A copy of Neary's letter request was sent to Massari's counsel. On April 21, 1988, Neary notified Massari's counsel that he had received the contract between ANPAC and Massari as well as a motion to dismiss Massari's request for review. Neary requested Massari's response to the motion on or before April 29, 1988, and counsel complied by submitting a letter brief dated April 27, 1988.

Prior to the rescheduled conference, by order dated May 2, 1988, Neary dismissed Massari's request for review of his termination after determining that Massari's business was owned by ANPAC, the insurer, not Massari, the agent. Massari then filed the present appeal submitting two issues for our review. First Massari contends that the provisions of Act 143 apply to the termination of his agency agreement with ANPAC and thus he is entitled to review by the Commissioner. Second Massari contends that the review provided by Hearing Officer Neary of Massari's March 4, 1988 request did not fulfill the requirements of Act 143.

■ In reviewing a decision of the Commissioner this Court must determine whether constitutional rights were violated, an error of law was committed, or the findings of fact are unsupported by substantial evidence. *Erie Insurance Exchange v. Foster,* 121 Pa.Commonwealth Ct. 500, 551 A.2d 3 (1988).

Massari's first contention is that Act 143 applies because he is an agent as defined therein and, as such, he is entitled to review by the Commissioner of ANPAC's termination of the agency agreement. Massari contends that Act 143 is not limited in scope to any class of agents. In particular, Massari alleges that if the General Assembly wanted to exclude company or captive agents from Act 143, they would have specifically stated that such agents were excluded. Thus, Massari contends that the Commissioner's interpretation of section 1.1(b)(1) of Act 143, 40 P.S. § 241.1(b)(1) is too narrow and should be more liberal. Section 1.1(b)(1) of Act 143 reads as follows:

(b) Nonapplicability.—The provisions of this act do not apply to:

(1) business owned by the insurer and not by the agent, provided such insurer offers to continue such policies through another of its agents:

Neary's determination was based upon his review of the September 20, 1983 agency agreement between Massari and ANPAC.

In Neary's May 2, 1988 decision, he states:

All the accounts, records and information are designated as the company's property, the company is free to reassign policies from the agent in accordance with its rules and practices, and the agent is prohibited from soliciting company policyholders and inducing them to cancel or nonrenew any of the policies following termination of the agent's contract.

This is in sharp contrast to those agents who, upon notice of termination, are free to place the business with any other company. In short, Massari does not have any ownership interest in the business and the termination of this contract is not a matter subject to the Commissioner's review under the Act.

Although the above finding was reached without affording Massari a hearing or conference, our review of the correspondence between Massari, ANPAC and Neary indicates that Massari did not dispute: 1) the terms of the

September 20, 1983 agency agreement, 2) ANPAC's ownership of the policies,[2] *and* 3) whether ANPAC policies were reassigned to the ANPAC agents upon Massari's termination. As a result, there existed no dispute regarding these material facts. Thus, even if section 504 of the Administrative Agency Law[3] is applicable, an evidentiary hearing is not necessary to resolve the legal issues raised by Massari. *See Mellinger v. Department of Community Affairs,* 111 Pa.Commonwealth Ct. 377, 384, 533 A.2d 1119, 1123 (1987). Furthermore, in *Norwood A. McDaniel Agency v. Foster,* 117 Pa.Commonwealth Ct. 227, 543 A.2d 155 (1988), this Court noted that nothing in the language of Act 143 requires an elaborate due process hearing of the nature envisioned in sections 501–508 of the Administrative Agency Law.[4] *McDaniel* 117 Pa.Commonwealth Ct. at 234, 543 A.2d at 159. Consequently, we need only decide whether Neary's interpretation of section 1.1(b)(1) of Act 143 is correct. Clearly, Act 143 is inapplicable. The agency agreement states that ANPAC owns the business which consists of property and casualty insurance policies. In addition, Massari does not allege that ANPAC failed to reassign its policies to another ANPAC agent.

Having concluded that Neary correctly determined that Act 143 does not apply to ANPAC's termination of Massari, the order of the Chief Hearing Examiner is affirmed.

**2.** Massari does assert that he has ownership rights under section IV of the agency agreement to commissions on primary policies which remain in force after termination. Massari attempts to equate this alleged right to commissions with "business owned by the insurer and not by the agent" as set forth in Section 1.1(b)(1). However, "business" as stated in that section, when read in the context of the remainder of the sentence, refers to "policies." Thus Massari has not alleged an ownership interest in the "business" as defined by Act 143.

**3.** Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504 provides:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

**4.** 2 Pa.C.S. §§ 501–508.

36

## ORDER

AND NOW, this 26th day of January, 1990, the May 2, 1988, order in the above-captioned matter is affirmed.