632 A.2d 1357

**Robert L. FLINCHBAUGH, James Hawkins and Joseph W. Barr, Inc. Insurance Agency, Petitioners,**

v.

**Cynthia M. MALESKI, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1993.

Decided Oct. 22, 1993.

Reargument Denied Dec. 10, 1993.

Patricia Carey Zucker, for petitioners.

Terrance A. Keating, for respondent, Ins. Com'r of Com. of Pa.

James Zarella for respondent/intervenor, The Travelers Ins. Companies.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

SMITH, Judge.

The Joseph W. Barr, Inc. Insurance Agency, its president, Robert L. Flinchbaugh, and its chief executive officer, James Hawkins (collectively, Barr), petition for review of a decision of the hearing examiner appointed by acting Insurance Commissioner Cynthia Maleski who upheld the decision of The Travelers Insurance Company to terminate Barr's agency contracts.[1] The issues presented to this Court are whether the hearing examiner committed an error of law by dismissing Barr's administrative review proceedings before Barr presented its case; whether Barr raised sufficient disputed issues of fact to require a full administrative hearing; and whether the effective date of the termination should be extended to run from the date of completion of the Department's review.

Barr was an agent for Travelers since 1873. In July 1991, Travelers placed Barr on a three-year rehabilitation program because Barr had two years of adverse loss ratios. The rehabilitation program required Barr to reduce its loss ratios and to meet specific goals of an "action plan." After disagreements regarding Travelers recommendations for Barr's operations, Travelers presented Barr with a letter of termination on June 24, 1992, which stated that "differences of opinion regarding business practices led to a strained, and perhaps even adversarial relationship between the two businesses."

Barr requested the Department to review the termination pursuant to Section 2(d) of the Act of September 22, 1978 (Act

---

1. Travelers was a party in the administrative proceedings before the Department and has filed a brief in opposition to Barr's petition for review.

143), P.L. 763, *as amended,* 40 P.S. § 242(d)[2], and alleged, inter alia, that Travelers' termination due to differences over the rehabilitation plan violated Act 143. After the appointment of a hearing examiner to conduct the review, the Department's chief hearing examiner sent the parties a letter which stated:

> If the facts warrant, the review will also address the issue of whether a rehabilitation may be interrupted and the contract terminated based on an alleged non-cooperation of the agent. The parties shall bring with them to the review all relevant documents, including the rehabilitation plan, the results of the rehabilitation plan, and evidence of the alleged deterioration in the business relationship. . . .

One week before the hearing, Travelers filed a motion to dismiss the review claiming that the Department had "no authority" over the matter since Travelers' stated reason for termination was not an impermissible one under Act 143, and Barr did not aver that the termination was for reasons other than those stated by Travelers.[3] At the hearing before the hearing examiner, Travelers was represented by counsel and Flinchbaugh and Hawkins appeared pro se. The hearing

---

2. Section 2(d) of Act 143 provides:

   Any agent may, if within 30 days of receipt of notice of termination, request in writing to the Insurance Commissioner that the Insurance Commissioner review the action of the insurer for the purpose of determining that said termination was in compliance with the provisions of this act.

3. Section 2(e), (f)(6) of Act 143, 40 P.S. § 242(e), (f)(6), provides in pertinent part:

   (e) **Restriction on termination.**—Prior to termination due to adverse experience, mix of business or lack of premium volume, it shall be the obligation of the insurer to make a reasonable attempt to rehabilitate such agent as set forth in subsection (f). No insurer shall terminate its contract with an agent due solely to the adverse experience for a period of less than two consecutive years prior to the notice of rehabilitation as set forth in subsection (f).

   (f) **Rehabilitation.**—

   . . . .

   (6) Upon request of administrative review pursuant to subsection (d), it shall be the obligation of the insurer to demonstrate to the Insurance Commissioner that it has made a reasonable attempt to rehabilitate such agent.

examiner initially denied Travelers' motion to dismiss and stated that she would review Travelers' actions to determine whether it complied with Act 143 and to verify that the expressly stated reason for termination was not subterfuge for a prohibited reason under Act 143.

Travelers introduced the testimony of three witnesses who testified regarding the rehabilitation and Travelers' decision to terminate Barr. After Travelers rested its case, the hearing examiner questioned Hawkins at length about what he intended to prove. During the questioning, Hawkins stated he would establish that Travelers interrupted the rehabilitation because it did not want to work with Barr any longer; it was dissatisfied with Barr's premium volume, mix of business, and loss ratios; and that Travelers sought to withdraw from the Pennsylvania market. The hearing examiner denied Barr's request to introduce evidence and ended the review. She concluded that Travelers' termination did not violate Act 143 as Barr failed to offer any proof that the actual reason for termination was not the stated reason but was instead a prohibited reason.

On appeal to this Court, Barr argues that the hearing examiner committed an error of law by terminating the hearing without allowing Barr to present its case which violated Barr's procedural due process rights. Although the Commissioner contends that Barr waived its due process arguments, the record demonstrates that Barr raised its objections to the hearing examiner's procedures before the hearing examiner, in its petition for review and in its brief to this Court. This Court will consequently consider Barr's claims within the Court's limited scope of review which is to determine whether an error of law has been committed, constitutional rights have been violated, or whether findings of fact are supported by substantial evidence. *Charles P. Leach Agency, Inc. v. Foster*, 133 Pa.Commonwealth Ct. 425, 576 A.2d 1156 (1990), *appeal denied*, 527 Pa. 619, 590 A.2d 759 (1991).

The hearing examiner's scope of review is to determine whether an insurance company's termination of an agency complied with Act 143. *Leach.* Barr was undergoing rehabil-

itation at the time of the termination; therefore, Travelers bore the burden of establishing that it made a reasonable attempt to rehabilitate Barr under Section 2(f)(6) of Act 143. Since Barr raised sufficient issues as to the actual reason for termination which Barr contends was for adverse experience clearly prohibited by Section 2 of Act 143, the hearing examiner was required to weigh and resolve conflicting evidence regarding disputed facts. Barr was entitled to a full hearing in order to present its version of those facts.

The hearing examiner determined that she could not review the reasonableness of the termination and that under *Leach,* Barr was not entitled to introduce evidence once she determined that Travelers' reason for terminating Barr was not prohibited by the Act. In *Leach,* the Court held that a hearing examiner exceeded the scope of her authority by looking beyond compliance with Act 143 and reviewing the reasonableness of a termination. However, since the agency in *Leach* was not undergoing a rehabilitation when it was terminated, Section 2(f)(6) of Act 143 did not apply and the question of reasonableness was not before the hearing examiner. In the matter sub judice, there were pertinent factual disputes regarding the reasonableness of Travelers' attempts to rehabilitate Barr; therefore, dismissal of the review prior to a full factual exploration of the issues constituted an error of law. *See Mellinger v. Department of Community Affairs,* 111 Pa. Commonwealth Ct. 377, 533 A.2d 1119 (1987) (dismissal of administrative proceedings is proper only when there are no factual disputes).

█ █ Travelers and the Department argue that a complete hearing was not required, and urge this Court to adopt dicta in a single-judge opinion filed in *Norwood A. McDaniel Agency v. Foster,* 117 Pa. Commonwealth Ct. 227, 543 A.2d 155 (1988), that Sections 501–508 of the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, do not apply to Act 143 reviews and that "elaborate due process procedures" such as stenographic records and the right to cross-examination are not required. However, by denying Barr an opportunity to present its version of the disputed facts, the hearing examiner

denied to Barr a full review of the termination as contemplated by Act 143 and a remand is therefore necessary. *Begis v. Industrial Board of Department of Labor & Industry,* 9 Pa. Commonwealth Ct. 558, 308 A.2d 643 (1973).[4]

Moreover, Act 143 mandates that an insurer make reasonable efforts at rehabilitation prior to terminating an agency. *Travelers Indem. Co. v. Insurance Department,* 126 Pa. Commonwealth Ct. 41, 558 A.2d 568 (1989). The hearing examiner must upon remand also address whether Travelers made a reasonable attempt to rehabilitate Barr. Accordingly, the hearing examiner's decision is reversed and this matter is remanded to the Department to allow Barr an opportunity to present its case in a review of Travelers' termination of Barr's agency contracts.

## ORDER

AND NOW, this 22nd day of October, 1993, the decision of the hearing examiner is reversed and this case is remanded to the Insurance Department for further proceedings consistent with this opinion.

Jurisdiction relinquished.

DOYLE, J., dissents.

4. It was stated in *McDaniel* that an agency may continue writing policies until its Act 143 review is completed. Travelers argues however that Act 143 does not require the imposition of a supersedeas on termination effective dates pending completion of review and that *McDaniel* is not controlling precedent on this issue. While this Court agrees that *McDaniel* may be cited only for its persuasive value and not as precedent, its statutory construction analysis as to the effective date of termination is logical and rational and will be followed here.

Travelers also argues that *McDaniel* requires Barr to file an application for an injunction to extend the effective date of termination until the date of the Department's review. Although *McDaniel* involved an application for a preliminary injunction, its rationale in no manner implies that an injunction action is required to delay termination until completion of the review. Moreover, in letters dated July 23 and August 13, 1992, the Chief Hearing Examiner stated that under *McDaniel*, Barr's agency contract would remain in effect until the conclusion of the review. Thus Barr is not required to file an application for an injunction and its agency contract shall remain in effect until the date of the Department's review in this matter.