**COMMONWEALTH of Pennsylvania by Attorney General D. Michael FISHER**

**v.**

**RICHARD A. COLE, M.D., INC.**

**Appeal of Richard A. COLE, M.D., Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 1997.

Decided March 23, 1998.

Reargument Denied May 12, 1998.

Richard A. Cole, appellant, pro se.

Jesse F. Harvey, Deputy Attorney General, Erie, for appellee.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether an attempt to collect a debt barred by the statute of limitations is a violation of the Unfair Trade Practices and Consumer Protection Law (Law), Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §§ 201–1–201–9.2.

Richard A. Cole, M.D., appeals from the order of the Court of Common Pleas of Erie County that granted the Commonwealth of Pennsylvania, Acting by Attorney General D. Michael Fisher's (Commonwealth) request for a preliminary injunction. We affirm.

The Commonwealth filed a complaint in equity against Dr. Cole and petitioned for permanent injunction and civil penalties, and a motion for preliminary injunction.[1] The Commonwealth alleged in its complaint that Dr. Cole, while engaged in a large-scale effort to collect monies allegedly owed by former patients[2] violated the Law, as well as the Debt Collection Trade Practices,[3] by ignoring the applicable four-year statute of limitations.[4] The Commonwealth also filed a brief in support of its motion, which included eleven affidavits from former patients or their attorneys, and three local Erie County Court of Common Pleas decisions, finding the four-year statute of limitation applicable to Dr. Cole's collection efforts.[5]

Following a two-day hearing, the trial court granted the preliminary injunction and enjoined Dr. Cole from continuing to prosecute collection actions against former patients that were barred by the four-year statute of limitations. The trial court specifically enjoined Dr. Cole from continuing to prosecute actions against eight-named former patients.[6] The trial court denied Dr. Cole's motion for post-trial relief.

On appeal to this Court,[7] Dr. Cole argues that the trial court erred in granting the preliminary injunction because there is "no clear right to relief."[8] (Dr. Cole's brief at 11.) Because the trial court was required to consider a matter of first impression, i.e., whether making copies made for an insur-

---

1. The Commonwealth alleged Dr. Cole violated 37 Pa.Code § 303.3(3) and (18), i.e., the Debt Collection Regulations. These sections state:

    § 303.3. While engaged in the collection of debts it shall be an unfair or deceptive act or practice for a creditor or debt collector to engage in any of the following acts or practices:

    * * * *

    (3) Falsely representing directly or by implication, the character, extent or amount of the debt or any fee related to the debt, or the status of such debt in any legal proceedings;

    * * * *

    (18) Otherwise using any false representation or deceptive means to collect or attempt to collect any debt. . . .

2. Dr. Cole filed fifty-one actions in the Court of Common Pleas of Erie County from January 1, 1996 to April 18, 1997.

3. 37 Pa.Code §§ 303.1–303.3.

4. 42 Pa.C.S. § 5525.

5. Section 4 of the Law permits the Attorney General to bring in action in order to restrain by temporary or permanent injunction practices declared unlawful by Section 3 of the Law.

    Section 3 of the Law declares that unfair or deceptive acts or practices, as defined by the regulations, are unlawful.

6. Dr. Cole stipulated to the trial court that law suits against eleven other individuals were, in fact, barred by the statute of limitations. (Trial court opinion at 3–4, Finding of Fact 16.)

7. The standard of review for an appellate court in reviewing a trial court's grant of a preliminary injunction does not require us to inquire into the merits of the controversy, but merely to examine the record to ascertain whether there existed any reasonable basis for the trial court's action. *Chatham Racquet Club v. Commonwealth,* 116 Pa.Cmwlth. 55, 541 A.2d 51 (1988).

8. Pa. R.C.P. No. 1531 sets forth the standard for granting a preliminary injunction. The courts consider: (1) is the injunction necessary to prevent immediate and irreparable harm not compensable in damages; (2) would greater harm result from denying the injunction than from granting it; (3) is the plaintiff's right to relief clear; and (4) will the status quo be restored if the injunction is granted. *Norwood A. McDaniel Agency v. Foster,* 117 Pa.Cmwlth. 227, 543 A.2d 155 (1988).

ance companies tolls the statute of limitations for collection of debts under the Law, Dr. Cole asserts no preliminary injunction could be granted.

> For the Common Pleas Court to state that there is a difference between services of a doctor and those of a lawyer fails to follow the laws of Pennsylvania. . . . Many 'lawyer' services are in fact clerical and administerial, yet they toll the statute of limitations. Doctors too perform 'medical' and clerical services.

(Dr. Cole's brief at 12.) Dr. Cole asserts that although he may not have "treated" the patients within the four-year statute of limitations and no personal payment was received from these patients, that he did perform "professional services," by making copies for insurance companies, which should toll the statute of limitations.

The Commonwealth asserts that Dr. Cole's right to collect alleged monies owed is barred by the statute of limitations which prevents suits after four years from the date that the service was rendered, *unless a new promise* to pay was made by the patient. The Commonwealth asserts that if the trial court determined that Dr. Cole's conduct violated Sections 3 and 18 of the regulations, then the Commonwealth's right to relief in the form of a preliminary injunction is clear, because such conduct is unlawful and subject to an injunction under Section 4 of the Law. Further, the Commonwealth asserts that because it alleges a statutory violation, irreparable harm is presumed for purposes of granting a preliminary injunction. *Pennsylvania Public Utility Commission v. Israel*, 356 Pa. 400, 52 A.2d 317 (1947) (holding that a determination of irreparable harm for the purpose of granting an injunction is not nec-

essary when the legislature has prohibited certain conduct).[9]

At the preliminary injunction hearing, the Commonwealth introduced evidence that no new promises were made. This evidence included Dr. Cole's complaint against former patients where he set forth the date that he had last treated the patients, the last date the patient had made a payment, whether the payment was made by the patient or an insurance company and the date the suits were commenced.

In three cases, the trial court found that Dr. Cole had alleged an incorrect last date of treatment. Dr. Cole had attached his ledger statements to the complaints, indicating that he had only copied records on these dates. In each of these cases, the actual date the patient last received medical treatment was more than four years prior to the date the suit was commenced.

Additionally, with regard to four other former patients, Dr. Cole alleged incorrect patient payment dates. Dr. Cole's attached ledger statements, indicated that payments were not made by the patients but were instead made by insurance companies. In each of these cases, the actual last patient payment date, was more than four years prior to the commencement of his suit.[10]

The Commonwealth further argued before the trial court that Dr. Cole's continued efforts in prosecuting and bringing time-barred cases violated the Law. In support of its position, the Commonwealth cited *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala.1987), which involved violations of Sections 1692e and 1692f of the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o, the federal version of Pennsylvania's Law.[11]

---

9. Dr. Cole also contends that because the former patients he is suing can defend against his actions, they have an adequate remedy at law, which precludes the Commonwealth's injunctive action. This argument fails to recognize the clear authority given the Attorney General under Section 4 of the Law to seek injunction when it determines that violations of the Law have occurred and the action is in the public interest. The Commonwealth, through its Attorney General, is the plaintiff here, and is simply exercising the law enforcement authority as prescribed by statute.

10. The trial court also enjoined Dr. Cole from collecting from patient Judy who challenged Dr. Cole's suit in common pleas court.

11. Section 1692e of the Federal Act provides that:

> A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Among the tactics specifically prohibited are: (2) the false representation of— (A) the character, amount, or legal status of any debt; [and] (10) the use of any false repre-

In *Kimber*, the defendant debt collector brought actions against approximately 200 consumers in an effort to collect debts clearly barred by the applicable statute of limitation. The court found that the defendant had violated the federal act in attempting to collect debts obviously time-barred. The court stated that:

> These statutes [of limitations] ... 'afford[ ] plaintiffs what the legislature deems a reasonable time to present their claims,' while at the same time 'protect[ing] defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.'

*Id.* at 1487, citing *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979).

■ Here, the trial court, stated that the legal pronouncement in *Kimber* was sound and adopted the federal court's reasoning. We agree with the trial court's finding that Dr. Cole had violated the Law by filing and prosecuting actions barred by the four-year statute of limitation and by continuing to prosecute the actions after being made aware of the applicable statute of limitations.

■ The trial court also found that the copying of records by Dr. Cole and his receipt of insurance payments did not toll the statute of limitations. We agree with this finding. In *Richard A. Cole, M.D. v. Linda Lawrence*, —— Pa. Superior Ct. ——, 701 A.2d 987 (1997), the Superior Court found that a partial payment by an insurance company is not an acknowledgement of the debt by the patient so as to toll the statute of limitations. Further, in *Huntingdon Finance Corp. v. Newtown Artesian Water Co.*, 442 Pa. Superior Ct. 406, 410, 659 A.2d 1052, 1054 (1995), the Superior Court stated that:

> [T]here must ... be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very

debt upon which the action is based; and there must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time.

Dr. Cole's assertion that because his initial blanket authorization from insurance companies did not discuss a specific amount due, it was a general directive authorizing insurance companies to make payments directly to him. Dr. Cole claims this authorization was tantamount to a new promise to pay. However, we hold this is clearly not consistent with the required promise to pay as stated in *Huntingdon*. We hold that the trial court had a reasonable basis upon which to conclude that an insurance payment to Dr. Cole does not toll the statute of limitations. Further, Dr. Cole's assertion that his copying of medical records is a continuation of medical services and thus, tolls the statute of limitations for purposes of the Law is without merit. Making copies is not equivalent to treating patients and did not toll the statute of limitations.

Therefore, we hold that based on the evidence presented and the applicable Law that the trial court correctly granted the Commonwealth's request for preliminary injunction.

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of March, 1998, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent.

In affirming the trial court's granting of the motion for preliminary injunction, the majority concludes that Dr. Cole violated the Debt Collection Regulations, specifically 37 Pa.Code §§ 303.3(3) and (18), by filing complaints against former patients in common pleas court.[1] The violation of these regulations is based solely on Dr. Cole's alleged

---

sentation or deceptive means to collect or attempt to collect any debt....

1. The complaints assert a cause of action based on the common law theories of breach of contract and unjust enrichment.

prosecution of eight actions barred by the four-year statute of limitations for contract actions. Dr. Cole commenced the legal proceedings in an attempt to collect bills which the trial court found to be meritorious. Trial court opinion at 11. I am perplexed as to how the filing of a lawsuit for recovery of legitimate debts beyond the statute of limitations can be construed as being either a *false representation* of the extent, amount, or status of a debt in a legal proceeding or the use of *deceptive* means in attempting to collect a debt. Moreover, this conclusion is particularly disturbing because there is no evidence in the record to support it.

In a strange twist of irony, the Attorney General did not include the eight allegedly deceptive complaints in its motion for preliminary injunction or any other documents of record. Instead, the Attorney General submitted "representative copies" of civil complaints filed by Dr. Cole in other cases. I am not sure how we can affirm the granting of the motion for preliminary injunction when the documents, which are a supposed violation of the Debt Collection Regulations, are not available for review by this court.

Next, I turn my attention to the actions of the Attorney General. The Attorney General's power to file a motion for preliminary injunction is granted in section 4 of the Unfair Trade Practices and Consumer Protection Law. Specifically, section 4 permits the Attorney General to bring an action to restrain activity deemed to be unlawful under the Debt Collection Regulations when such proceedings *would be in the public interest.*

I am not convinced that this statute gives the Attorney General standing to file a motion for preliminary injunction on behalf of eight individuals involved in a private cause of action.[2] What legally protectible and tangible public interest is at stake for the Attorney General in this case? Second, how is the Attorney General acting in the public interest by filing a motion for preliminary injunction on behalf of eight individuals who legitimately owe Dr. Cole for services rendered? If anything, the Attorney General's action is antithetical to the public interest and is certainly not what the legislature intended when it enacted the statute.

In addition, the defendants in Dr. Cole's actions have available to them an adequate remedy at law: the affirmative defense of statute of limitations. Rule 1030 of the Pennsylvania Rules of Civil Procedure states that all affirmative defenses including statute of limitations shall be pleaded in new matter. Pa.R.C.P. No. 1030. The purpose of this rule is to compel a plaintiff to answer a defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial. *See Ruhe v. Kroger Company,* 425 Pa. 213, 228 A.2d 750 (1967). Apparently, this procedural device is not sufficient enough for the Attorney General, who decided to stop a legitimate cause of action before it began.

The Attorney General's actions are further undermined by the existence of Pa.R.C.P. No. 1032. Rule 1032 provides that a party waives all defenses and objections which he does not present either by preliminary objection or reply.[3] By deciding which debt collection actions Dr. Cole can bring, the Attorney General is interfering with the defendants' right to waive the statute of limitations defense and pay Dr. Cole for services rendered.

Additionally, the Attorney General's expression of authority in this case is in direct contradiction to Article 1, Section 11, of the Constitution of this Commonwealth. Article 1, Section 11, provides in relevant part:

> All courts shall be open; and every man for an injury done him in his lands, goods,

---

**2.** Assuming the Attorney General does have standing to file a motion for preliminary injunction in this case, I also have to ask how the Attorney General can intervene on behalf of eight individuals involved in a pending private action without filing a petition to intervene in accordance with Pa.R.C.P. No. 2327.

  Rule 2327 provides that
  At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if ... (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

**3.** Pa. R.C.P. 1032 does set forth exceptions to the rule, but they are not applicable to this case.

person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

It is the constitutional right of every person who finds it necessary or desirable to repair to the courts for the protection of legally cognizable interests to have justice administered without sale, denial or delay. *Commonwealth ex rel. Duff v. Keenan,* 347 Pa. 574, 33 A.2d 244 (1943). Article I, Section 11 can only be invoked with respect to a legal injury. *Jackman v. Rosenbaum Co.,* 263 Pa. 158, 106 A. 238 (1919), *aff'd,* 260 U.S. 22, 43 S.Ct. 9, 67 L.Ed. 107 (1922).

Here, Dr. Cole has a legally cognizable interest in the recovery of debts legitimately owed to him. The Attorney General, by denying the prosecution of these actions, has clearly interfered with a right guaranteed to Dr. Cole by the Constitution of this Commonwealth.

Accordingly, I must voice my earnest dissent against the affirmation of actions taken by the Attorney General, which are incongruous with my basic understanding of our time-tested tripartite governmental system. The Attorney General is not the gatekeeper of debt collection actions. I would reverse the order of the trial court and allow Dr. Cole the opportunity to prosecute the actions against the eight people who owe Dr. Cole for "meritorious" bills.