J. S15016/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CURTIS C. PHILLIPS, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPELLANT | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY WARREN WEIDENBAUM, ESQ. | : | |
| | : | |
| | : | No. 2342 EDA 2016 |

Appeal from the Order Entered June 21, 2016
In the Court of Common Pleas of Northampton County
Civil Division at No(s): 2016-01495

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 05, 2017**

Appellant, Curtis C. Phillips, Jr., appeals *pro se* from the Order entered in the Northampton County Court of Common Pleas sustaining the Preliminary Objections filed by Bradley Warren Weidenbaum, Esq. ("Appellee"), and dismissing Appellant's Complaint. We affirm.

Appellee represented Appellant in an unrelated criminal matter. On February 23, 2016, displeased by the outcome of his criminal case,[1]

---

[1] After a trial, a jury convicted Appellant of three drug offenses, including Possession with Intent to Deliver. 35 P.S. § 780-113(a)(30). On February 14, 2014, the trial court sentenced him to two to eight years' incarceration. On direct appeal, this Court concluded Appellant's issues were meritless, but *sua sponte* vacated and remanded for resentencing after finding that Appellant had received an illegal mandatory minimum sentence under 18 Pa.C.S. § 7508. **See Commonwealth v. Phillips**, No. 2168 EDA 2014 (Pa. Super. filed June 21, 2016).

Appellant filed the instant legal malpractice action against Appellee asserting claims of Breach of Contract, Negligence, and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq*. Appellant also sought attorney's fees and punitive damages.

On March 28, 2016, Appellee's counsel entered his appearance, and filed a Demand for a Jury Trial and a Notice of Intention to Enter Judgment of *Non Pros* pursuant to Pa.R.C.P. No. 1042.7, based upon Appellant's failure to file a Certificate of Merit. On April 1, 2016, Appellant filed a Certificate of Merit.

On April 4, 2016, Appellee filed Preliminary Objections in the nature of demurrer to Appellant's Complaint, seeking dismissal of the Complaint on the grounds of (1) *in pari delicto*;[2] (2) the legal insufficiency of the Breach of Contract and Negligence claims; (3) the inapplicability of the UTPCPL to the legal profession; and (4) the failure to support request for attorney's fees. The final Preliminary Objection was in the form of a Motion to Strike the Complaint in its entirety for Plaintiff's alleged failure to comply with Pa.R.C.P. No. 1024 requiring proper verification of the Complaint.

On April 18, 2016, Appellant filed a letter seeking an extension of time in which to reply to the Preliminary Objections and averring that the Prothonotary of the Northampton County Court of Common Pleas refused to

---

[2] This doctrine essentially provides that a plaintiff who participated in wrongdoing may not recover damages from the wrongdoing.

file a Praecipe for Default Judgment that he had allegedly sent along with his Certificate of Merit on April 1, 2016.

On June 21, 2016, the trial court sustained the majority of the Preliminary Objections.[3] With respect to Appellee's Preliminary Objection in the nature of a Motion to Strike the Complaint for failure to file a proper verification, the court stated:

> As [Appellee] points out, the Complaint in the instant matter is wholly unverified. Indeed, it contains a Notice to Plead and a Certificate of Service, but it is not verified. Consequently, the Court must strike the Complaint in its entirety. However, pursuant to Pa.R.C.P. 1028(d), the Plaintiff shall have thirty (30) days within which to file an amended pleading consistent with this Order of Court and Statement of Reasons.

Trial Court Order, 6/21/16, at 13.

Appellant did not file an Amended Complaint. Rather, Appellant filed a Notice of Appeal dated July 20, 2016, which the Court of Common Pleas received on July 26, 2016, seeking review of the dismissal of the Complaint entered by the court on June 21, 2016. Appellant stated in that Notice, that he "hereby clearly indicates his intent to stand on the Complaint as filed." Notice of Appeal, dated 7/20/16.[4]

Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[3] The court overruled Appellee's Preliminary Objection pertaining to *in pari delicto*, but sustained all of the other Preliminary Objections.

[4] Upon the expiration of the 30 days in which the court permitted Appellant to amend his Complaint, the June 21, 2016 Order became final and appealable.

Appellant raises the following six issues on appeal:

1. Did the Northampton County Court of Common Pleas commit reversible error when the court Prothonotary refused to file a timely and properly submitted *Praecipe* for Default Judgment filed by the then *pro se* [Appellant]?

2. Did the Northampton County Court of Common Pleas commit reversible error when the court Prothonotary removed from the court file a properly submitted and briefed Responsive Preliminary Objections – and subsequently refused to consider any part of [Appellant's] argument – filed by the *pro se* [Appellant] in response to [Appellee's] Preliminary Objections?

3. Did the Northampton County Court of Common Pleas commit reversible error when it failed to acknowledge the facts set forth by [Appellant] as the basis of a legally binding oral contract, and concluded that the lawyer-client relationship did not ensue when [Appellee] had made the oral contract referred to within [t]he Complaint, nor when [Appellee] had been paid a retainer fee for his services, but rather when an un-dated, un-signed written "fee agreement" – which was based upon the agreements of the identified oral contract – was forwarded to [Appellant] after [Appellee] had received payment for his services?

4. Did the Northampton County Court of Common Pleas commit reversible error when it dismissed the Negligence claim within [t]he Complaint under **Bailey v. Tucker** as opposed to staying the prosecution pending final disposition of the appeal of the underlying criminal matter as [t]he **Bailey** Court indicates should be done?

5. Did the Northampton County Court of Common Pleas commit reversible error when it concluded that [Appellee's] fraudulent retaining practices as alleged within [t]he Complaint fell under the "practice of law" language within **Byers v. Richmond**, 594 Pa. 694 (2007) pursuant to **Commonwealth v. Cole**, 709 A.2d 994, 997 (Pa. Commw. 1999), *appeal denied*, 558 Pa. 611, 737 A.2d 606 (Pa. 1999)?

6. Did the Northampton County Court of Common Pleas commit reversible error when it dismissed [t]he [C]omplaint for a failure to verify due to the fact that [Appellant] signed [t]he Complaint on page 18 thereof which embodied the same legal force of a formal verification pursuant to Pa.R.C.P. 1023.1, as well as that [Appellant] did in fact file an amended verification form with [t]he [c]ourt upon receipt of [Appellee's] objections?

Appellant's Brief at 2-3.[5]

In Appellant's first issue, he claims that the trial court Prothonotary improperly refused to accept and docket Appellant's *Praecipe* for Entry of Default Judgment on count 1 (breach of contract), which he purports to have sent along with a Certificate of Merit, on March 29, 2016. *Id.* at 4. Appellant claims that the Prothonotary denies having received the *Praecipe* and supporting documentation; but notes that the Prothonotary did file the Certificate of Merit, which was part of the same paperwork. *Id.* Appellant argues that, because he properly sent the Prothonotary the *Praecipe* for Entry of Default Judgment, there was no reason for the court not to enter Judgment in his favor. *Id.* at 5.

The June 21, 2016 Order, which is the subject of this appeal, did not address the issue Appellant purports to challenge in his first claim. The

---

[5] Appellant has also included in the argument portion of his Brief a three-paragraph section titled "Remainder of the Order." Because Appellant did not raise these issues in his Statement of Questions Involved, these issues are waived. *See* Pa.R.A.P. 2116(a); *see also Thomas v. Elash*, 781 A.2d 170, 176-77 (Pa. Super. 2001) (reiterating that "an appellant must present all issues on appeal in the Statement of Questions Involved section of his brief.").

appealed order merely sustained in part and denied in part Appellee's Preliminary Objections. As the trial court noted, "this issue is addressed to actions or omissions alleged of the Prothonotary, and it is beyond the scope of the June 21, 2016 Order of Court that is the subject of this appeal." Trial Ct. Op. at 2.

We further note that, pursuant to Pa.R.A.P. 2115(b), Appellant was required to include a statement in his Brief immediately following the Statement of Jurisdiction detailing the alleged failure of the Prothonotary to act and a brief citation of the statute under which it is claimed such action is required. Appellant did not do so. Instead, he simply indicates he is seeking review of the dismissal of the Complaint following the grant of Appellee's Preliminary Objections. **See** Appellant's Brief at 1.

Finally, even assuming *arguendo* that Appellant had attempted to file a Praecipe of Default Judgment based on Appellee's failure to respond timely to the Complaint, such Praecipe would have been rejected by the Prothonotary. Pursuant to our rules of civil procedure, in a professional liability action, a defendant is allowed twenty days after service of the Certificate of Merit to file a responsive pleading. Pa.R.C.P. No. 1042.4. Since Appellant alleges that he sent the Praecipe at the same time as the Certificate of Merit, filing the Praecipe for Default Judgment would have been premature. Appellant's first issue has no merit.

Appellant next avers that the trial court Prothonotary erred in removing his "Responsive Preliminary Objections" from the docket. Appellant's Brief at 5.[6] He also claims that trial court erred in not considering his "Responsive Preliminary Objections" before ruling on Appellee's Preliminary Objections, even though Appellant forwarded a copy of them to the trial court judge assigned to rule on the Preliminary Objections. *Id.*

As the trial court observed, this issue is beyond the scope of the June 21, 2016 Order from which this appeal is taken. *See* Trial Ct. Op. at 2. Moreover, Appellant again failed to include a statement pertaining to the Prothonotary's challenged action immediately after the Statement of Jurisdiction, as required by Pa.R.A.P. 2115(b). Moreover, he has not cited to any authority to support of his claim of alleged error. Therefore, we find this issue waived. *See* Pa.R.A.P. 2119(a); *In re Estate of Whitley*, 50 A.3d 203, 210-11 (Pa. Super. 2012) (holding that the "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal." (citation omitted)).

---

[6] Annexed to Appellant's Brief as Exhibit "B" is a copy of a document entitled "Plaintiff's Preliminary Objections to Defendant's Preliminary Objections" with a court of common pleas file stamp dated May 19, 2016, with a giant X and scribbles drawn over it.

Appellant's final four issues challenge the trial court's Order sustaining Appellee's Preliminary Objections and dismissing Appellant's Complaint. We are guided by the following standard:

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Richmond v. McHale***, 35 A.3d 779, 783 (Pa. Super. 2012), *quoting* ***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011).

In his third issue, Appellant claims the trial court erred in concluding that he had failed to plead sufficiently a Breach of Contract legal malpractice claim. Although Appellant concedes that the parties had not incorporated certain oral terms into the written contract they ultimately executed, he nonetheless claims that Appellee was legally bound to perform the tasks he had orally agreed to perform and the failure to do so constituted a breach of contract. Appellant's Brief at 6-8.

A legal malpractice claim may be brought by an aggrieved client in an action sounding in tort and/or breach of contract. *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570 (Pa. Super. 2007).

> The elements of a legal malpractice action, sounding in negligence,[7] include: (1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff. *Bailey v. Tucker*, 533 Pa. 237, 621 A.2d 108, 112 (1993). With regard to a breach of contract claim, "an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large." *Id.* at 115.

*Id.* at 570-71. *See also CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) ("A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."). Therefore, where, as here, a complaint asserts a legal malpractice claim sounding in both tort and contract, the plaintiff/former client is required to prove that the attorney breached a duty owed to him, and that the breach caused him to suffer damages.

Generally, if parties to an oral contract agree on the essential terms of the contract and intend to be bound by them, they have formed a valid legal contract, even if they intend also to incorporate these terms, and possibly

---

[7] Traditionally, our courts have treated claims of professional negligence alleging criminal defense malpractice as trespass actions. *See Bailey v. Tucker*, 621 A.2d 108, 112 (Pa. 1993).

others, in a written contract at a later date. ***Krause v. Great Lakes Holdings, Inc.***, 563 A.2d 1182, 1186 (Pa. Super. 1989). However, if the parties contemplate that their agreement is not final until it is reduced to writing, they have not formed a valid legal contract until so doing. ***Id.***

In the Complaint, Appellant alleged that, when the parties met to discuss the possibility of a lawyer-client relationship, Appellant set forth a number of tasks Appellant expected Appellee to perform, and Appellee agreed to such performance. ***See*** Complaint, 2/23/16, at ¶¶ 5, 6, 8-10. However, Appellant also asserted in the Complaint that the lawyer-client relationship did not begin until the execution of a "written retainment [*sic*] fee agreement and contract with [Appellee] for these services [that] commenced on May 18, 2013." ***Id.*** at ¶ 11. Appellant's Complaint specifically claims that, though "[t]hese claims arise out of specific oral agreements made between [Appellant] and [Appellee,]" they were solidified through[] entry into a legally binding contract." ***Id.*** at ¶ 4.

Our review of the written contract appended to Appellant's Complaint reveals that the contract does not include any specific tasks for performance; rather, it provides that "[Appellee's] firm agrees to exert its best efforts to obtain the best possible results in [Appellant's] case." Letter, May 20, 2013. Appellant has not pleaded any facts that demonstrate that Appellee did not exert his "best efforts to obtain the best possible results" in Appellant's criminal case, or any facts upon which the trial court could

conclude that Appellee failed to provide legal services consistent with the relevant standard of care.

It is clear from the Complaint that Appellant pleaded that his Breach of Contract claim arose from the written agreement between the parties, and not from the terms to which he and Appellee allegedly orally agreed. It is also clear that, in failing to plead with specificity the standard of care, or how the services provided by Appellee fell below the standard of care, Appellant failed to plead facts legally sufficient to establish his right to relief. Accordingly, the trial court did not err in sustaining Appellee's Preliminary Objection as to Appellant's Breach of Contract claim.[8]

In his fourth issue, Appellant challenges the trial court's reliance on **Bailey**, **supra**, in dismissing his Negligence claim. He claims that the trial court erroneously interpreted **Bailey** to require, *inter alia*, that he plead in his Complaint that he has "pursued post-trial remedies and obtained relief which was dependent upon attorney error." Appellant's Brief at 9, *citing* **Bailey**, 621 A.2d at 115. Appellant argues that **Bailey** only requires that he be able to establish this fact at some point prior to a final disposition in his

---

[8] Alternatively, Appellant argues that the trial court erred in finding the written fee agreement between the parties to be a legally enforceable contract because its terms were too ambiguous to be enforceable. Appellant's Brief at 7. Appellant also avers that the written fee agreement is not enforceable because the parties did not sign it. **Id.** at 7-8. These claims, if true, would render his Breach of Contract action void *ab initio*. Accordingly, we do not consider them to be valid alternate arguments requiring our review.

legal malpractice case. *Id.* Appellant argues that the court should have stayed his claim pending final disposition of his criminal matter. Our review indicates, however, that Appellant has misapprehended the totality of the basis for the trial court's ruling.

In *Bailey*, our Supreme Court articulated the following required elements for a trespass-negligence based legal malpractice claim stemming from representation in a criminal matter.

> … [T]oday we hold that a plaintiff seeking to bring a trespass action against a criminal defense attorney, resulting from his or her representation of the plaintiff in criminal proceedings, must establish the following elements:
>
> (1) The employment of the attorney;
>
> (2) Reckless or wanton disregard of the defendant's interest on the part of the attorney;
>
> (3) the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/plaintiff would have obtained an aquittal [sic] or a complete dismissal of the charges.
>
> (4) As a result of the injury, the criminal defendant/plaintiff suffered damages.
>
> (5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error; additionally, although such finding may be introduced into evidence in the subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action.

*Id.* at 114-15 (footnotes omitted).

The **Bailey** Court further explained that if an attorney defendant is served with a Complaint alleging professional malpractice in a criminal matter, the defendant may file a Preliminary Objection in the nature of a demurrer. The Court instructed that the "trial court shall then reserve its ruling on said objection until the resolution of the post-conviction criminal proceedings." *Id.* at 115 n.13.

The trial court explained its application of **Bailey** to the instant facts as follows:

> In this case, while Defendant/Appellee based his demurrer in part on the fact that the Plaintiff/Appellant's appeal was still pending, he also argued Plaintiff/Appellant's failure to plead the second and third elements of his claim, specifically that Defendant/Appellee acted in "reckless or wanton disregard" for Plaintiff/Appellant's interests and that, but for such culpable conduct, Plaintiff/Appellant would have been acquitted or his charges dismissed. In sustaining the demurrer, the [c]ourt reviewed the claim and found it legally insufficient to withstand demurrer. Although not expressly stated in the [c]ourt's [prior] opinion, this finding was premised not only on the pendency of Plaintiff/Appellant's appeal of his criminal matter, but also on his failure to plead the second and third elements of his claim.

Trial Ct. Op. at 3-4.

Our review of Appellant's Complaint confirms the trial court's finding that Appellant failed to plead the second and third **Bailey** factors, and this failure was fatal to Appellant's claim. This issue, therefore, lacks merit.

In his fifth issue, Appellant challenges the trial court's determination that the allegations in the Complaint fell within the definition of "practice of law," which therefore barred Appellant from raising a claim under the UTPCPL. Appellant's Brief at 10. Appellant argues that he alleged that Appellee engaged in "fraudulent and deceptive retaining practices," which claim is cognizable under the UTPCPL. *Id.* Appellant avers that, since he properly raised a claim under the UTPCPL, the court erred in dismissing this count of his Complaint. *Id.*

The UTPCPL creates a private right of action for "[a]ny person who purchases or leases goods or services primarily for personal, family[,] or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act[,] or practice declared unlawful by section 3[] of [the] act . . .." 73 P.S. § 201-9.2(a). In 2007, however, the Pennsylvania Supreme Court found the UTPCPL inapplicable to the legal profession. *Beyers v. Richmond*, 937 A.2d 1082 (Pa. 2007).

Notwithstanding the holding in *Beyers*, without citing to any controlling authority, Appellant argues that claims that an attorney engaged in fraudulent and deceptive retaining practices are permissible under the UTPCPL. Because Appellant has not supported this argument with citation to controlling authority, we find this claim waived. *See* Pa.R.A.P. 2119(a). Moreover, even if it were not waived, this Court is bound by the precedential

decision of the Pennsylvania Supreme Court in **Beyers**, and, thus, Appellant's claim would fail.

In his final issue, Appellant claims that the court erred in dismissing his Complaint pursuant to Pa.R.C.P. No. 1024[9] because he filed a "matter of course amendment to the Complaint[,]" which was properly verified. Appellant's Brief at 11. Appellant has, again, failed to support this argument with citation to any authority. Accordingly, it is also waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2017

---

[9] Rule 1024 provides that: "every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information of expectation or ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder." Pa.R.C.P. No. 1024(a).