659 A.2d 1052

**HUNTINGDON FINANCE CORP. (Successor to Huntingdon, Inc.), Appellant,**

v.

**NEWTOWN ARTESIAN WATER COMPANY.**

Superior Court of Pennsylvania.

Argued April 26, 1995.

Filed June 13, 1995.

Steven H. Sailer, Newtown, for appellant.

Stuart Wilder, Doylestown, for appellee.

Before TAMILIA, SAYLOR and HOFFMAN, JJ.

TAMILIA, Judge:

Huntingdon Finance Corporation takes this appeal from the January 25, 1995 judgment entered in its favor in the amount of $1,124.63 following a bench trial which denied its claim for $20,367.19 as total damages for a breach of contract. The underlying facts in this case are not in dispute. Summarily, in May 1978, the parties entered into an agreement whereby appellant deposited $203,454.61 with appellee/Newtown Arte-

sian Water Company who thereafter installed water mains and other necessary facilities within the residential subdivision being developed by appellant. A detailed formula in the agreement required appellee to make periodic payments/refunds to appellant. Pursuant to this formula, payments came due periodically from 1984 through 1988,[1] as each home was connected; however, appellant did not make any requests for its payments, and appellee did not pay any deposit money to appellee until December 28, 1990. At that time, appellee tendered to appellant a check for $77,486.82, which covered all payments appellee owed.[2]

On May 8, 1992, appellant instituted the present complaint seeking to recover the interest that accrued after the refunds became due because the refunds were not paid with "reasonable promptness" as required in the agreement. Essentially, appellant sought interest on each refund from the time such refund was due through the present. A trial commenced on February 28, 1994 following which the court held the four-year statute of limitations for contracts [3] precluded any claims for interest that accrued prior to May 8, 1988. Consequently, the court denied appellant's request for payment of $20,367.19 and awarded it $1,124.63 for interest that accrued on or after May 8, 1988.

On appeal to this Court, appellant argues, when the refund payments were not made by appellee pursuant to the agreement, interest began to accrue on the money at the legal rate as a matter of law. Appellee's payment on December 28, 1990 of the exact amount of principal owed appellant was a clear, distinct and unequivocal acknowledgement of its debt to appellant as an existing obligation. Accordingly, appellee's acknowledgement of its principal debt owed under the agree-

---

1. The incremental refunds were calculated quarterly, with the first due March 31, 1984, and the last due September 30, 1988. These quarterly sums were computed by appellee and recorded on a journal which was admitted into evidence.

2. Neither party disputes the fact this amount represented a refund equal to the principal debt owed by appellee to appellant without interest.

3. 42 Pa.C.S. § 5525(1).

ment constitutes an acknowledgement of the corresponding debt on the interest, which is part and parcel of the principal, thereby tolling the statute of limitations and reviving appellee's debt on the interest accruing prior to May 8, 1988. Basically, appellant contends although there are two components to the debt, principal and interest, there was only one debt.

Pursuant to the "acknowledgement doctrine," a statute of limitations may be tolled or its bar removed by a promise to pay the debt.

> A clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

*Gurenlian v. Gurenlian,* 407 Pa.Super. 102, 114–15, 595 A.2d 145, 151 (1991), quoting *Maniatakis' Estate,* 258 Pa. 11, 101 A. 920 (1917). In light of this strict requirement, appellee unquestionably acknowledged its obligation with respect to the principal of the debt. There can be no more clear and unequivocal acknowledgement of debt than actual payment, thus removing the statute of limitations with respect to the principal. However, we agree with the trial court this acknowledgement does not extend to the corresponding interest. Appellant does not cite to any place in the record where appellee acknowledged a duty to pay the contested interest. Appellee's payment was the exact amount of principal owed, and we find it difficult to treat it as a part payment, as appellant suggests. Part payments, in order to toll the statute of limitations, "must constitute a constructive acknowledge-

ment of the debt from which a promise to pay the balance may be inferred." *City of Philadelphia v. Holmes Electric Protective Co. of Philadelphia,* 335 Pa. 273, 280, 6 A.2d 884, 888 (1939). Appellee's payment of principal cannot be construed as a promise to also pay the interest when appellee never acknowledged such a duty. As the trial court found:

> To the best of our recollection, the issue whether defendant owed interest was in dispute both prior to and at the time that defendant tendered a check for the principal due. Indeed, defendant vigorously litigated any duty to pay any interest in the underlying action.

(Slip Op., Biester, J., 11/1/94, p. 5.) Accordingly, the statute of limitations bars appellant's claim for interest to all quarterly refunds calculated prior to May 8, 1995.

Moreover, we find appellant's position to be in contravention of public policy. The acknowledgement doctrine serves a very useful purpose to both parties in that the creditor receives payment on a debt that would otherwise be unenforceable and the debtor satisfies a moral obligation to make payments pursuant to a contract where no legal obligation exists, thereby bolstering the credibility of its business. To accept appellant's position, debtors would be discouraged from acknowledging debts because of the corresponding interest payments, which in some instances could exceed the principal. The four-year statute of limitation serves to protect individuals from suffering the continuing anxiety over the possibility of the commencement of an action against them in the future. Because this acknowledgement doctrine removes the protection of the statute of limitations, the acknowledgement must be patently clear and distinct and free from ambiguity.

For the foregoing reasons, we find appellant's argument without merit and affirm the January 25, 1995 judgment entered by the trial court.

Judgment affirmed.