### In re MICHAEL ANGELO CORRY INN, INC., Debtor.

### Gary V. Skiba, Trustee, Movant,

### v.

### Decedent's Estate of Marta Tobias, Respondent.

### No. 01–11201.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 27, 2003.

---

See also 297 B.R. 439, 2003 WL 22024684, 297 B.R. 443, 2003 WL 22024689, and 297 B.R. 447, 2003 WL 22024693.

Gary V. Skiba, Erie, PA, trustee.

Wayne G. Johnson, Jr., Erie, PA, for trustee.

Michael J. Yurcheshen, Pittsburgh, PA, for Decedent's Estate of Marta Tobias.

## OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

### Background

This case was commenced by the filing of an involuntary Petition under Chapter 7 of the Bankruptcy Code against Michael Angelo Corry Inn, Inc. ("Debtor") on June 11, 2001. An Order for Relief was entered on January 10, 2002. Gary V. Skiba ("Trustee") serves as Chapter 7 Trustee.

The Decedent's Estate of Marta Tobias ("Marta") filed a proof of claim, designated in this case as Claim No. 3, as an unsecured claim based on money loaned in 1993 in the amount of $164,542. No documentation in support of the loan is attached to proof of Claim No. 3.

The Trustee filed an objection to Claim No. 3. The Trustee asserts that Marta's claim is barred by the applicable statute of limitations.

Attached to her response to Trustee's objection, Marta submits an Amended Proof of Claim. The Amended Proof of Claim asserts an unsecured claim based on money loaned and services performed in the amount of $155,207. Attached to the Amended Proof of Claim is a hand-written list of credit card accounts and vendors with related amounts (the "List"). Marta denies that the claim is barred by the applicable statute of limitations. She posits that "[t]he amounts paid by [Marta] on behalf of or to the Debtor did not include a date for payment, the understanding between Marta and the Debtor being that the claim would be paid when Debtor had the ability to do so and/or when demand was made by Marta. Demand was never made by Marta nor was the Debtor ever in a financial position to afford payment of the claim."

A trial/evidentiary hearing was held on April 22, 2003. The parties have filed post-trial briefs and the matter is ripe for decision.

### Facts

Marta was the sole shareholder of the Debtor. She died in August, 2000. Marta's son, John Tobias ("John"), served as general manager of the Debtor. The Debtor operated a hotel and restaurant. The family determined to expand the facility to include a large concert hall. The Debtor was unable to obtain traditional financing for construction. To finance the project, Marta and John borrowed money from relatives, friends and credit cards.

John testified that his mother, Marta, kept a journal "of all the money that was paid for building the addition, to see how much money it actually cost to build the addition ... the total invested." A listing of those amounts was initially prepared from the journal in preparation for a lawsuit to show all monies invested into the project. The List attached to Marta's Amended Proof of Claim is from the same source. It lists various credit cards and

---

1. This Opinion constitutes our findings of fact and conclusions of law.

suppliers of services and materials for the addition, each with a related amount.

Marta now asserts a claim against the Debtor for the total amount shown on the List. John further testified that many of the credit card and supplier obligation amounts which appear on the List were paid by the Debtor from the Debtor's checking account with Debtor's funds. John also states that the Debtor's funds and Marta's funds were commingled.

It is not possible to determine from the evidence presented any precise amounts or on what dates Marta may have loaned funds to the Debtor. It is likewise not possible to determine with any certainty the amount, if any, owed Marta. There are no writings between the Debtor and Marta as to any loan amounts or repayment terms.

## Discussion

■■■ When there is no statute of limitations stated in the Bankruptcy Code, the statute of limitations under state law is applicable. *In re Pagnotti*, 269 B.R. 326, 332 (Bankr.M.D.Pa.2001) *citing* 1 James Wm. Moore et al, *Moore's Federal Practice*, 3.05[2][a][I] at 3–26, n. 3 (citations omitted). The Bankruptcy Code does not contain a statute of limitations governing the period of time in which to commence an action on a debt. *Pagnotti* at 332. Under Pennsylvania law, an action to recover a debt based on an unwritten express contract must be commenced within four (4) years. *Id.;* 42 Pa. Cons.Stat. Am. § 5525(3). When an oral contract to repay a loan is formed, the statute of limitations runs from the time the loan was made. *Id.; Gurenlian v. Gurenlian*, 407 Pa.Super. 102, 595 A.2d 145 (Pa.Super.1991).

■■■ In this case, it is not clear that any loans were made to or for the benefit of the Debtor. No writings were made at the time of any loans. To the extent that Marta may have made loans to the Debtor, the loans were based on an oral understanding. Marta had a right to demand repayment at any time. Debtor would repay when, if ever, able.

To the extent a loan was made to the Debtor, the statute of limitations began running at the time the loans were extended in November, 1993, and December, 1994, and expired in December, 1998, several years prior to the bankruptcy filing.

■■■ Marta asserts that the statute of limitations was tolled by acknowledgement of the debt and promise to repay. "It is true that a statute of limitations can be tolled by the acknowledgement of a debt." *Pagnotti* at 335. "However, that acknowledgement must be clear and not just a mere willingness to pay." *Id.* According to the acknowledgement doctrine:

[a] clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to [honor] an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

*Id.,* quoting *Huntingdon Finance v. Newtown Artesian*, 442 Pa.Super. 406, 659 A.2d 1052 (1995), *relying on Gurenlian v. Gurenlian*, 407 Pa.Super. 102, 114, 595 A.2d 145, 151 (1991).

Here, even the amount and dates of any loan or loans is uncertain. There is uncertainty in identification of the debt. Debtor makes no promise to pay on demand. At best, there is only an expression of a willingness to pay if Debtor is ever successful in obtaining proceeds from a lawsuit. Any expression of a willingness to pay was in the nature of a desire to pay, from which there is no implication of a promise.

*Conclusion*

Marta's claim against the Debtor is barred by the four (4) year statute of limitations of 42 Pa.Cons.Stat.Ann. § 5525(3). The four (4) year statute of limitations was not tolled by an acknowledgement of debt. The Trustee's objection to Marta's claim will be sustained and Marta's claim will be denied in its entirety. An appropriate order will be entered.