**In re MICHAEL ANGELO CORRY INN, INC., Debtor.**

**Gary V. Skiba, Trustee, Movant,**

v.

**Karoline Kukuda, Respondent.**

**No. 01–11201.**

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 27, 2003.

See also 297 B.R. 435, 2003 WL 22024681, 297 B.R. 439, 2003 WL 22024684, and 297 B.R. 443, 2003 WL 22024689.

Gary V. Skiba, Erie, PA, trustee.

Wayne G. Johnson, Jr., Erie, PA, for trustee.

Michael J. Yurcheshen, Pittsburgh, PA, for Karoline Kukuda.

## OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

### Background

This case was commenced by the filing of an involuntary Petition under Chapter 7 of the Bankruptcy Code against Michael Angelo Corry Inn, Inc. ("Debtor") on June 11, 2001. An Order for Relief was entered on January 10, 2002. Gary V. Skiba ("Trustee") serves as Chapter 7 Trustee.

Karoline Kukuda ("Karoline") filed a proof of claim, designated in this case as Claim No. 4, as an unsecured claim based on money loaned on February 10, 1994 in the amount of $10,000. No documentation in support of the loan is attached to proof of Claim No. 4.

The Trustee filed an objection to Claim No. 4. The Trustee asserts that Karoline's claim is barred by the applicable statute of limitations.

Attached to her response to Trustee's objection, Karoline submits an Amended Proof of Claim. The Amended Proof of Claim asserts an unsecured claim based on money loaned on January 3, 1994 in the amount of $2,500. Attached to the Amended Proof of Claim is a hand-written document entitled *I.O.U.* which bears the date of January 3, 1994 ("IOU"). The

document bears the signature of John Tobias and Karoline.

Karoline denies that the claim is barred by the applicable statute of limitations. She posits that "[t]he amounts paid by [Karoline] on behalf of or to the Debtor did not include a date for payment, the understanding between Karoline and the Debtor being that the claim would be paid when Debtor had the ability to do so and/or when demand was made by Karoline. Demand was never made by Karoline nor was the Debtor ever in a financial position to afford payment of the claim."

A trial/evidentiary hearing was held on April 22, 2003. The parties have filed post-trial briefs and the matter is ripe for decision.

### Facts

Karoline is 90 years old and unable to walk. She speaks no English. Her son, Larry Z. Kukuda ("Larry"), takes care of Karoline's business affairs. Larry testified at trial. Karoline lived with her daughter, Larry's sister, Marta Tobias ("Marta"). Marta was the sole shareholder of the Debtor. Marta's son, John Tobias ("John"), served as general manager of the Debtor. The Debtor operated a hotel and restaurant. The family determined to expand its facility to include a large concert hall. The Debtor was unable to obtain traditional bank financing for construction. To finance the project, Marta and John borrowed money from relatives, friends and credit cards.

While Karoline lived with Marta, she received approximately $350 per month in social security. Marta received the money. Larry asserts that some of Karoline's money was used for the Debtor's operations. He believes that the Amended

---

1. This Opinion constitutes our findings of fact and conclusions of law.

Proof of Claim in the amount of $2,500 is underestimated. However, Larry never saw Karoline provide Marta any monies for use by the Debtor. Larry further testified that Marta and Karoline would not discuss any money matters in front of him.

The IOU attached to the Amended Proof of Claim is between John Tobias and Karoline. It does not name the Debtor. The IOU was not prepared contemporaneously with any transfer of funds. It was prepared prior to the bankruptcy filing to evidence the obligation and to qualify Karoline as a creditor.

Karoline's Affidavit is also attached to the Amended Proof of Claim. The Affidavit bears an execution date of August 26, 2001. In her Affidavit, Karoline states that her "claim is for repayment of a loan I made to the debtor in February, 1994, in the amount of $2,500.00." Karoline goes on to state:

> My claim was acknowledged to be due and owing to me by the sole shareholder of the debtor, Marta Tobias, and its former general manager, John Tobias, and at all times was undisputed by the debtor and the debtor's obligation to repay the loan to me was repeatedly confirmed by Marta Tobias and John Tobias.
>
> I was informed by representatives of the debtor at various times after July 30, 1994 that, as a result of the actions complained in *Michael Angelo Corry Inn, Inc. et al. v. Michael A. Vega, et al.,* No. 225E of 1996, United States District Court, the debtor was unable to repay the money I had loaned it but that the debtor would protect my claim and repay the loan as soon as funds were available and that an award of damages against the defendants in the above referenced case was being sought. After the debtor was awarded $425,000 by the

jury in 1999 in Civil Action No. 225E the obligation to repay the debt was again confirmed by Marta Tobias and John Tobias. At no time was my claim disputed and the debtor's obligation to repay the loan was repeatedly acknowledged by Marta Tobias until her death on August 23, 2000.

### Discussion

■ When there is no statute of limitations stated in the Bankruptcy Code, the statute of limitations under state law is applicable. *In re Pagnotti,* 269 B.R. 326, 332 (Bankr.M.D.Pa.2001) *citing* 1 James Wm. Moore et al, *Moore's Federal Practice,* 3.05[2][a][I] at 3–26, n. 3 (citations omitted). The Bankruptcy Code does not contain a statute of limitations governing the period of time in which to commence an action on a debt. *Pagnotti* at 332. Under Pennsylvania law, an action to recover a debt based on an unwritten express contract must be commenced within four (4) years. *Id.;* 42 Pa. Cons.Stat. Am. § 5525(3). When an oral contract to repay a loan is formed, the statute of limitations runs from the time the loan was made. *Id.; Gurenlian v. Gurenlian,* 407 Pa.Super. 102, 595 A.2d 145 (Pa.Super.1991).

■ In this case, it is not clear that any loans were made to or for the benefit of the Debtor. No writings were made at the time of any loans. To the extent that Karoline may have made loans to the Debtor, the loans were based on an oral understanding. Karoline had a right to demand repayment at any time. Debtor would repay when, if ever, able. The subsequent writing, an IOU, dated January, 1994, fails to name the Debtor. The IOU was written for the purpose of making Karoline a creditor in the bankruptcy case. In the Affidavit prepared for Karoline's signature, reference is made to a February, 1994 loan. The IOU and the proof of

claim state the loan date as January 3, 1994. The parties are not even sure when the purported loan was made.

To the extent a loan was made to the Debtor, the statute of limitations began running at the time the loans were extended in January or February, 1994, and expired in February, 1998, several years prior to the bankruptcy filing.

 Karoline asserts that the statute of limitations was tolled by acknowledgement of the debt and promise to repay. "It is true that a statute of limitations can be tolled by the acknowledgement of a debt." *Pagnotti* at 335. "However, that acknowledgement must be clear and not just a mere willingness to pay." *Id.* According to the acknowledgement doctrine:

> [a] clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to [honor] an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

*Id.,* quoting *Huntingdon Finance v. Newtown Artesian,* 442 Pa.Super. 406, 659 A.2d 1052 (1995), *relying on Gurenlian v. Gurenlian,* 407 Pa.Super. 102, 114, 595 A.2d 145, 151 (1991).

Here, even the amount and dates of any loan or loans is uncertain. There is uncertainty in identification of the debt.

Debtor makes no promise to pay on demand. At best, there is only an expression of a willingness to pay if Debtor is ever successful in obtaining proceeds from a lawsuit. Any expression of a willingness to pay was in the nature of a desire to pay, from which there is no implication of a promise.

### Conclusion

Karoline's claim against the Debtor is barred by the four (4) year statute of limitations of 42 Pa.Cons.Stat.Ann. § 5525(3). The four (4) year statute of limitations was not tolled by an acknowledgement of debt. The Trustee's objection to Karoline's claim will be sustained and Karoline's claim will be denied in its entirety. An appropriate order will be entered.