**In re MICHAEL ANGELO CORRY INN, INC., Debtor.**

**Gary V. Skiba, Trustee, Movant,**

**v.**

**Larry Kukuda, Respondent.**

**No. 01–11201.**

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 27, 2003.

Gary V. Skiba, Erie, PA, trustee.

Wayne G. Johnson, Jr., Erie, PA, for trustee.

Michael J. Yurcheshen, Pittsburgh, PA, for Larry Kukuda.

### OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

#### Background

This case was commenced by the filing of an involuntary Petition under Chapter 7 of the Bankruptcy Code against Michael Angelo Corry Inn, Inc. ("Debtor") on June 11, 2001. An Order for Relief was entered on January 10, 2002. Gary V. Skiba ("Trustee") serves as Chapter 7 Trustee.

Larry Kukuda ("Larry") filed a proof of claim, designated in this case as Claim No. 2, as an unsecured claim based on money loaned in 1993 in the amount of $5,000. No documentation in support of the loan is attached to proof of Claim No. 2.

The Trustee filed an objection to Claim No. 2. The Trustee asserts that Larry's claim is barred by the applicable statute of limitations.

Attached to his response to Trustee's objection, Larry submits an Amended Proof of Claim. The Amended Proof of Claim asserts an unsecured claim based on money loaned between November 4, 1993

---

**1.** This Opinion constitutes our findings of fact and conclusions of law.

and December 6, 1994 in the amount of $5,000. Attached to the Amended Proof of Claim is a hand-written document entitled *I.O.U.* which bears the date of November 4, 1993 ("IOU"). The IOU states that "I John Tobias/Michael Angelo's received $3,500 thirty five hundred for excavating work on adition (sic)." The IOU is signed by John Tobias and Larry. Also attached is a copy of a canceled check dated December 6, 1994 in the amount of $1,500 payable to Marta Tobias from Larry.

Larry denies that the claim is barred by the applicable statute of limitations. He posits that "[t]he amounts paid by [Larry] on behalf of or to the Debtor did not include a date for payment, the understanding between Larry and the Debtor being that the claim would be paid when Debtor had the ability to do so and/or when demand was made by Larry. Demand was never made by Larry nor was the Debtor ever in a financial position to afford payment of the claim."

A trial/evidentiary hearing was held on April 22, 2003. The parties have filed post-trial briefs and the matter is ripe for decision.

### Facts

Larry's sister, Marta Tobias ("Marta") was the sole shareholder of the Debtor. Larry's nephew, Marta's son, John Tobias ("John"), served as general manager of the Debtor. The Debtor operated a hotel and restaurant. The family determined to expand the facility to include a large concert hall. The Debtor was unable to obtain traditional financing for construction. To finance the project, Marta and John borrowed money from relatives, friends and credit cards.

At some point in time, Larry provided funds to Marta. The testimony is clear that Larry provided the money to Marta, not the Debtor corporation. At numerous places in his testimony, Larry states that he provided the money "to my sister;" "she asked me for the money;" "she said she needs it;" "I didn't ask for any [receipt], she was my sister." There were no writings between the Debtor and Larry regarding loans.

The IOU attached to the Amended Proof of Claim is between John Tobias and Larry. It does not name the Debtor. The IOU was not prepared contemporaneously with any transfer of funds. It was prepared prior to the bankruptcy filing to evidence the obligation and to qualify Larry as a creditor.

Larry's Affidavit is also attached to the Amended Proof of Claim. The Affidavit bears an execution date of August 26, 2001. In his Affidavit, Larry states that his "claim is for repayment of a loan I made to the debtor in February, 1994, in the amount of $5,000.00." Larry goes on to state:

My claim was acknowledged to be due and owing to me by the sole shareholder of the debtor, Marta Tobias, and its former general manager, John Tobias, and at all times was undisputed by the debtor and the debtor's obligation to repay the loan to me was repeatedly confirmed by Marta Tobias and John Tobias.

I was informed by representatives of the debtor at various times after July 30, 1994 that, as a result of the actions complained in *Michael Angelo Corry Inn, Inc. et al. v. Michael A. Vega, et al.,* No. 225E of 1996, United States District Court, the debtor was unable to repay the money I had loaned it but that the debtor would protect my claim and repay the loan as soon as funds were available and that an award of damages against the defendants in the above referenced case was being sought. After

the debtor was awarded $425,000 by the jury in 1999 in Civil Action No. 225E the obligation to repay the debt was again confirmed by Marta Tobias and John Tobias. At no time was my claim disputed and the debtor's obligation to repay the loan was repeatedly acknowledged by Marta Tobias until her death on August 23, 2000.

As far as repayment of any money loaned, there was no schedule. Marta was to repay Larry "when things get better," "when business is profitable." After the business failed, Larry understood repayment depended on the success of a lawsuit; that he would be repaid, if ever, when the lawsuit created money.

### Discussion

■ When there is no statute of limitations stated in the Bankruptcy Code, the statute of limitations under state law is applicable. *In re Pagnotti*, 269 B.R. 326, 332 (Bankr.M.D.Pa.2001) *citing* 1 James Wm. Moore et al, *Moore's Federal Practice*, 3.05[2][a][I] at 3–26, n. 3 (citations omitted). The Bankruptcy Code does not contain a statute of limitations governing the period of time in which to commence an action on a debt. *Pagnotti* at 332. Under Pennsylvania law, an action to recover a debt based on an unwritten express contract must be commenced within four (4) years. *Id.*; 42 Pa. Cons.Stat. Am. § 5525(3). When an oral contract to repay a loan is formed, the statute of limitations runs from the time the loan was made. *Id.*; *Gurenlian v. Gurenlian*, 407 Pa.Super. 102, 595 A.2d 145 (Pa.Super.1991).

■ In this case, it is not clear that any loans were made to or for the benefit of the Debtor. No writings were made at the time of any loans. To the extent that Larry may have made loans to the Debtor, the loans were based on an oral understanding. Larry had a right to demand repayment at any time. Debtor would repay when, if ever, able. The subsequent writing, an IOU, dated November 3, 1993, fails to name the Debtor. The IOU was written for the purpose of making Larry a creditor in the bankruptcy case. In the Affidavit, reference is made to a November, 1993 loan. The parties are not sure when the purported loan was made.

To the extent a loan was made to the Debtor, the statute of limitations began running at the time the loans were extended in November, 1993, and December, 1994, and expired in December, 1998, several years prior to the bankruptcy filing.

■ Larry asserts that the statute of limitations was tolled by acknowledgement of the debt and promise to repay. "It is true that a statute of limitations can be tolled by the acknowledgement of a debt." *Pagnotti* at 335. "However, that acknowledgement must be clear and not just a mere willingness to pay." *Id.* According to the acknowledgement doctrine:

> [a] clear, distinct and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to [honor] an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise.

*Id.*, quoting *Huntingdon Finance v. Newtown Artesian*, 442 Pa.Super. 406, 659

A.2d 1052 (1995), *relying on Gurenlian v. Gurenlian*, 407 Pa.Super. 102, 114, 595 A.2d 145, 151 (1991).

 Here, even the amount and dates of any loan or loans is uncertain. There is uncertainty in identification of the debt. Debtor makes no promise to pay on demand. At best, there is only an expression of a willingness to pay if Debtor is ever successful in obtaining proceeds from a lawsuit. Any expression of a willingness to pay was in the nature of a desire to pay, from which there is no implication of a promise.

### *Conclusion*

Larry's claim against the Debtor is barred by the four (4) year statute of limitations of 42 Pa.Cons.Stat.Ann. § 5525(3). The four (4) year statute of limitations was not tolled by an acknowledgement of debt. The Trustee's objection to Larry's claim will be sustained and Larry's claim will be denied in its entirety. An appropriate order will be entered.