## Asset Acquisition Group LLC v. DeJesus

216

*Benjamin Bibler,* for plaintiff.
*Richard A. Estacio,* for defendants.

KNISELY, *J.,* April 6, 2010—Before the court are plaintiff's and defendants' cross motions for summary

judgment. At issue is whether defendants' partial payments constitute constructive acknowledgment of a debt from 2000 under the acknowledgment doctrine thereby tolling the statute of limitations as to joint debtors.

## BACKGROUND

On May 26, 2000, defendants entered into a motor vehicle sales contract with Faulkner Chevrolet for a 1996 Chevrolet Camaro in the amount of $21,969, including financing. Defendants subsequently defaulted on their finance payments. Charter One Auto Finance, named in the contract, repossessed the vehicle in or around April of 2001. The following month, Charter One sold the vehicle and claimed a deficiency from the sale. Nearly seven years later, on February 11, 2008, plaintiff, Asset Acquisition Group, filed the instant civil action against defendants alleging that defendants are in default of the contract. Plaintiff alleges that the contract was assigned to it and seeks a balance of $4,055.56 plus attorneys fees and accruing interest. Defendants filed their answer with new matter. They admitted to being in default of the contract, but denied owing the balance claimed by plaintiff. Defendants also asserted the claim is barred by the statute of limitations.

Instantly before the court are plaintiff's and defendants' motions for summary judgment.

## DISCUSSION

Pennsylvania Rules of Civil Procedure govern summary judgment. Specifically, under rule 1035.2, the

court shall enter judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense [which] could be established by additional discovery [or expert report]." *Toy v. Metropolitan Life Insurance Company,* 593 Pa. 20, 33-34, 928 A.2d 186, 194 (2007) (citing Pa.R.C.P. 1035.2(1)). Courts considering motions for summary judgment view the record in the light most favorable to the non-moving party. *Id.* at 195. The moving party bears the burden of proving no genuine issues of material fact exist. *Stimmler v. Chestnut Hill Hospital,* Pa. 981 A.2d 145, 154 (2009). All doubts as to the existence of genuine issues of material fact are resolved against the moving party. *Id.*

Here, both parties have moved for summary judgment. plaintiff alleges all material issues have been admitted as a result of defendants' failure to respond to discovery demands. (Pl.'s mot. summ. j. ¶¶4-7.) However, defendants' answers to both the complaint and motion for summary judgment aver that the claim is barred by the statute of limitations. (Defs.' answer with new matter ¶ 12; defs.' answer mot. summ. j. ¶¶7-8.) Plaintiff, in response, asserted the statute was tolled by way of payments made by Jamie DeJesus in 2007. (Pl.'s reply to new matter ¶1; pl's summ. j. br.) Thus, in light of these contentions, the issue remains whether the statute of limitations bars the action as a matter of law.

The parties agree that the applicable limitations period for this breach of contract claim is four years. 42 Pa.C.S. §5525(a). Defendants defaulted on payments to

Capital One Finance in 2001. The vehicle was repossessed and sold in the same year. Despite an obvious typographical error within its complaint, [1] plaintiff does not contend that its cause of action was filed within the four-year limitations period. The alleged tolling of the statute did not occur until 2007. Thus, if the limitations period is not tolled,[2] plaintiff's claim is barred.

"Pursuant to the 'acknowledgement doctrine,' a statute of limitations may be tolled or its bar removed by a promise to pay the debt." *Huntingdon Finance Corp. v. Newtown Artesian Water Co.,* 442 Pa. Super. 406, 410, 659 A.2d 1052, 1054 (1995). Our Superior Court has considered the strict requirement for acknowledgement of debt:

"A clear, distinct and unequivocal acknowledgment of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute. There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere

---

1. Plaintiff alleged the contract between defendants and Faulkner Chevrolet was executed in 2007; however, the attached contract is dated May of 2000.

2. Where the statute of limitations is at issue, plaintiff bears the burden of establishing the tolling of this period. *Corbett v. Weisband,* 380 Pa. Super 292, 308, 551 A.2d 1059, 1067 (1988); see also, *McNair v. Weikers,* 300 Pa. Super. 379, 387-88, 446 A.2d 905, 909 (1982).

willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise." *Id.* (citations omitted)

There can be no more clear and unequivocal acknowledgement of a debt than actual payment. *Id.* However, where a debtor voluntarily risks a revived action by acknowledging the debt after the statute of limitations has run, courts will not expand the debt beyond that clearly acknowledged by the debtor. See *id.* at 410, 659 A.2d at 1054-55 (declining to extend acknowledgement of debt to include interest where payment consisted of entire amount of principal owed); see also, *Makozy v. Makozy,* 874 A.2d 1160, 1171 (Pa. Super. 2005) (children's transfer of property as full amount owed plus letter to parents stating amount owed acknowledged debt for tolling purposes, but did not extend to corresponding interest on the loan).

In order for a partial payment to toll the statue of limitations, the payment must constructively acknowledge the debt from which a promise to pay the balance is inferred. *Huntingdon,* 442 Pa. Super. at 410, 659 A.2d at 1054; see also, *Cole v. Lawrence,* 701 A.2d 987, 990 (Pa. Super. 1997); *Philadelphia v. Holmes Electric Protective Co.,* 335 Pa. 273, 6 A.2d 884, 888 (1939). Also, acknowledgement by partial payment must clearly identify "the entire antecedent debt." *Cole, supra;* see also, *Holmes v. Smith,* 94 Fed. Appx. 905, 907 (3d Cir. 2004) (Smith's making several payments totaling $26,000 did

not acknowledge debt as it did not satisfy the precision required by Huntingdon).[3]

Based on a thorough review of the record, the court finds no clear acknowledgement of the antecedent debt. Considering only the record, plaintiff fails to meet its burden of establishing the tolling of the limitations period. Attached to its motion for summary judgment, plaintiff includes an August 2001 letter from Charter One Finance, the finance company listed in the contract. The letter also lists a deficiency of $6,965.54 following repossession and disposition of the vehicle under account number ********.[4] These letters and plaintiff's assertion that Jamie DeJesus' 2007 payments tolled the statute of limitations comprise the only conceivable favorable facts in support of acknowledging debt; however the court finds the foregoing falls substantially short of the clear and unequivocal acknowledgement required by *Huntingdon.*

---

3. Review of other jurisdictions reveals that some jurisdictions require an express acknowledgement of further indebtedness and an express promise to pay the balance in order for partial payment to toll the statute of limitations, see *E.B. Inc. v. Smith,* 757 So. 2d 1017 (Miss. Ct. App. 2000); *Clark v. University of Evansville,* 784 N.E.2d 942, 174 Ed. Law Rep. 404 (Ind. Ct. App. 2003); *McArthur v. Acme Mechanical Contractors Inc.,* 336 So. 2d 1306 (Miss. 1976); however, under Pennsylvania case law, partial payment may serve as constructive acknowledgement of debt from which a promise to pay is inferred. See *Cole,* 701 A.2d at 990. Although debt may be inferred by partial payment, the court observes that the standard for constructive acknowledgement is strict and requires acknowledgement of the full amount of debt. See *id.*

4. Of note, there are two identical letters, one to Emilia DeJesus and one to Jamie DeJesus. The amount listed in Emilia's letter is crossed off and rewritten as $6,198.34 with no explanation provided and none apparent from the record.

Review of attachments to plaintiff's brief in further support of motion for summary judgment perhaps makes the tolling issue a closer call, but the court may not consider facts contained in briefs as briefs are not part of the record. *Erie Indemnity Co. v. Coal Operators Casualty Co.,* 441 Pa. 261, 265, 272 A.2d 465, 466-67 (1971). For purposes of review, the court will briefly address plaintiff's brief in further support.[5] Attached to its brief, plaintiff includes letters it sent separately to Emilia and Jamie starting in June of 2006. These letters were sent well after the statute of limitations expired. The initial letter names Charter One Bank as the "prior creditor" and lists a "current balance" of $4,148.11. Notably, the prior account number listed is \*\*\*\*-\*\*\*\*\*\*\*\*\*\*. Then, on November 10, 2006, Jamie began submitting checks to Asset Acquisition Group LLC with a reference to the new account number assigned by Asset Acquisition Group. The checks are signed by Asset Acquisition Group as the authorized signator for Jamie DeJesus.

While the attachments reveal a connection in reference to the checks submitted and the letters sent by Asset Acquisition there is no clear connection between the original debt, under Charter One Finance account number \*\*\*\*\*\*\*\* and alleged balance of $6,965.54, to the

---

5. Although litigants' briefs, and attachments thereto, are not considered part of the record for purposes of summary judgment, the court selects to address the attached letters to moreover illustrate plaintiff's shortcomings in the arguments it proffers in support of its motion. See *Scopel v. Donegal Mutual Insurance Co.,* 698 A.2d 602, 606 (Pa. Super. 1997). To be sure, the court would reach the same conclusions with respect to plaintiff's motion absent consideration of those attached letters.

debt alleged six years later by Asset Acquisition Group, referencing a different account number and new balance, and not listing the original balance. Without more, the court could not reasonably infer Jamie's full acknowledgement of the debt owed. The court finds that under these specific circumstances, the strict standard of *Huntingdon* is not met.

Additionally, to hold otherwise under the instant facts, would contravene the purpose of the four-year statute of limitations. See *Huntingdon,* 442 Pa. Super. at 411, 659 A.2d at 1055 (acknowledgement must be "patently clear and distinct and free from ambiguity" because it removes protection of the statute which serves to "protect individuals from suffering the continuing anxiety over the possibility of the commencement of action against them in the future."). The United States Supreme Court has stated:

"Statutes of limitations, which are found and approved in all systems of enlightened jurisprudence, represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them. These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *U. S. v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356-57 (1979). (internal citations omitted)

Here, the record is devoid of documentation from which this court could in good conscience find sufficient acknowledgement of the 2000 debt. Defendant, Jamie DeJesus, who allegedly authorized payments to plaintiff, is now deceased. Accordingly, tolling the statute would offend public policy. Finally, even if the court assumed the statute of limitations was tolled by Jamie, the court could not toll the statute as to Emilia, a joint debtor.

A payment by one joint debtor does not toll the statute of limitations as to the other joint debtor. *White v. Pittsburgh Vein Coal Co.,* 266 Pa. 145, 149, 109 A. 873, 875 (1920). Here, there is nothing in the record revealing any contact between Emilia and plaintiff. Although plaintiff attached letters it sent to Emilia, there is no indication that Emilia received, read, or responded to the letters in any way. Rather, the attached checks indicate plaintiff was the authorized signator for Jamie only. Thus, even if the court tolled the statute of limitations as to Jamie, the statute would not be tolled as to Emilia.

Based on the record before it, the court concludes the requirements of *Huntingdon* are not met and the statute of limitations is not tolled.

Accordingly, the court enters the following:

## ORDER

And now, April 6, 2010, upon consideration of plaintiff's and defendants' cross motions for summary judgment, briefs, and responses thereto, it is ordered that defendants' cross motion for summary judgment is granted.