J-A22013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH R. BIONDO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREGORY LUTFY, | |
| Appellee | No. 50 EDA 2018 |

Appeal from the Order Dated December 1, 2017
In the Court of Common Pleas of Pike County
Civil Division at No(s): 262-2013-Civil

BEFORE:  BENDER, P.J.E., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 28, 2018**

Joseph R. Biondo ("Appellant") appeals from the December 1, 2017 order granting summary judgment in favor of Appellee, Gregory Lutfy, and denying Appellant's cross-motion to dismiss.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural background of this case in its Pa.R.A.P. 1925(a) opinion:

> This matter arrives before the [c]ourt as a dispute over an alleged monetary loan.  On February 13, 2013, [Appellant] filed a complaint against [Appellee], alleging that [he] was indebted to Appellant based on a promissory note [in the principal amount of $60,000.00,] executed on August 2, 2004.  On May 14, 2013, Appellant filed an amended complaint.  Appellee filed an answer and new matter shortly thereafter.  On June 25, 2013, Appellee filed a motion for judgment on the pleadings, alleging that the

_____

[*] Former Justice specially assigned to the Superior Court.

applicable statute of limitations had expired. On November 14, 2013, this [c]ourt denied Appellee's motion for judgment on the pleadings and granted leave for Appellant to file an additional amended complaint.[1]

Appellant filed a second amended complaint on December 6, 2013. On April 19, 2017, following a lengthy period of discovery, Appellee filed a motion for summary judgment ("Motion") and a brief in support thereof on June 5, 2017. On May 8, 2017, Appellant filed preliminary objections to Appellee's Motion. On May 26, [2017,] Appellee filed preliminary objections to Appellant's preliminary objections. Argument on the Motion, Appellant's preliminary objections thereto, and Appellee's preliminary objections to those of the Appellant, was scheduled for August 16, 2017.

On July 6, 2017, Appellant filed a praecipe to withdraw his preliminary objections, an answer to the motion, a brief in opposition thereto, a cross-motion to dismiss the Motion ("Appellant's Cross-Motion") with brief in support thereof, and an affidavit of [Appellant] ("Appellant's Affidavit"). On August 1, 2017, Appellee filed an answer to Appellant's Cross-Motion and brief in opposition thereto. Argument was held on August 16, 2017, and an order granting Appellee's Motion was entered [on December 1, 2017].[2]

Trial Court Opinion ("TCO"), 4/2/18, at 1-2 (unnecessary capitalization omitted).

_____

[1] The court further provided in its order:

After reviewing [Appellant's] Amended Complaint, this [c]ourt finds that [Appellant] failed to plead sufficient facts showing that his claim is not barred by the statute of limitations. It is not enough to merely say that [Appellant] made annual demands for payment of the debt. To overcome the time-bar, [Appellant] must offer some evidence that [Appellee] acknowledged the debt.

Trial Court Order, 11/14/13, at 3.

[2] The trial court granted summary judgment in favor of Appellee based on its finding that Appellant's cause of action is barred by the statute of limitations. *See* Trial Court Order, 12/1/17, at 3-7.

On December 28, 2017, Appellant filed a notice of appeal, followed by a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents the following issues for our review:

A. Did the trial court erroneously base its grant of summary judgment on oral testimony?

B. Are there material facts in dispute which preclude the entry of summary judgment?

C. Did the trial court erroneously disregard Appellant[']s Affidavit in Opposition to the Motion for Summary Judgment?

Appellant's Brief at 2 (unnecessary capitalization omitted).

Our standard of review with respect to a trial court's decision to grant or deny a motion for summary judgment is well-settled:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Thompson v. Ginkel*, 95 A.3d 900, 904 (Pa. Super. 2014) (citations omitted).

Instantly, Appellant claims that the trial court erred in relying on his oral deposition testimony in its granting of Appellee's motion for summary judgment. Appellant's Brief at 7. Appellant's claim is based on a misapplication of the long-standing rule established in *Nanty-Glo v. American Surety Co.*, 136 A. 523 (Pa. 1932), which governs the use of oral testimony to determine the outcome of a case in motions practice:

> However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence.

*Id.* at 524.

Appellant asserts that the trial court was prohibited by the *Nanty-Glo* rule from relying on his deposition testimony in granting summary judgment. We recognize that, "[i]n determining the existence or non-existence of a genuine issue of a material fact, courts are bound to adhere to the rule of *Nanty-Glo*[,] which holds that a court may not summarily enter a judgment where the evidence depends upon oral testimony." *DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 595 (Pa. Super. 2013). However, as we explained in *DeArmitt*:

> The *Nanty-Glo* rule means "the party moving for summary judgment may not rely solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact." *Dudley* [*v. USX*

*Corp.*], 606 A.2d [916, 918 (Pa. Super. 1992)]. "Testimonial affidavits of the moving party or his witnesses, not documentary, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the factfinder." *Penn Center House,* [*In. v. Hoffman*], 553 A.2d [900, 903 (Pa. 1989)].

*If, however, the moving party supports its motion for summary judgment with admissions by the opposing party,* **Nanty-Glo** *does not bar entry of summary judgment.* **InfoSAGE, Inc. v. Mellon Ventures, L.P.**, 896 A.2d 616, 631 (Pa. Super. 2006).

*Id.* (emphasis added).

In accordance with the **Nanty-Glo** rule, the trial court would have been precluded from granting summary judgment based solely upon oral testimony and/or affidavits of Appellee and Appellee's witnesses. In the instant case, the record reveals that the lower court relied substantially on *Appellant's* deposition testimony; thus, the exception in **Nanty-Glo** cleary applies, and the entry of summary judgment is not barred. **See** TCO at 6 (citing Appellant's deposition testimony in support of its decision).

Next, Appellant argues that there are material facts in dispute, which precludes the entry of summary judgment. Specifically, Appellant avers that the parties are in dispute over whether a debt was created. Appellant's Brief at 3, 13-15.[3] Regardless,

[t]he issue presented by the Motion is whether [Appellee] is entitled to summary judgment when the action … is based upon a note dated August 2, 2004, to be repaid in ninety (90) days, the initial complaint was filed on February 13, 2013, and the applicable statute of limitations is four (4) years.

---

[3] Appellant avers that the August 2, 2004 promissory note represents a debt owed to him by Appellee, whereas Appellee asserts that the $60,000.00 he received from Appellant was, in fact, compensation. *Id.*

Trial Court Order, 12/1/17, at 3-4.  The trial court held that Appellant failed to meet his burden to establish that his claim is not barred by the statute of limitations.  *Id.* at 4.

It has been well-established that:

The statute of limitations for a cause of action begins to run "from the time the cause of action accrued."  42 Pa.C.S.[] § 5502(a). "In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850, 857 (2005).

*Selective Way Ins. Co. v. Hospitality Group Services, Inc.*, 119 A.3d 1035, 1047 (Pa. Super. 2015).  The statute of limitations applicable to "[a]n action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing" is four years.  42 Pa.C.S. § 5525(a)(7).  "Entry of summary judgment is proper where the plaintiff fails to plead facts sufficient to toll the statute, or admits facts sufficient to admit the limitations defense…." *Ward v. Rice*, 828 A.2d 1118, 1120 (Pa. Super. 2003) (internal citations omitted).

In support of its finding that Appellant's action is barred by the statute of limitations, the trial court opined:

The evidence in this matter clearly shows that a promissory note was issued on August 2, 2004, and would become due and owing in ninety (90) days, or approximately November 4, 2004. Appellant's initial Complaint was filed on February 13, 2013, more than eight (8) years after the indicated due date.  Since the Statute of Limitations imposed on an action on a negotiable or nonnegotiable bond, note, or other similar instrument in writing is four (4) years, Appellant's claim, without the application of the Acknowledgement Doctrine, is clearly barred.

Pursuant to the Acknowledgment Doctrine, the Statute of Limitations may be tolled when there is a clear, distinct, and unequivocal acknowledgement of a debt as an existing obligation. ***Huntingdon Fin. Corp. v. Newtown Artesian Water Co.***, 659 A.2d 1052, 1054 (Pa. Super. 1995), citing ***Gurenlian v. Gurenlian***, 595 A.2d 145, 151 (Pa. Super. 1991).

> There must, however, be no uncertainty either in the acknowledgement or in the identification of the debt; and the acknowledgement must be plainly referable to the very debt upon which the action is based; and also must be consistent with a promise to pay on demand and not accompanied by other expressions indicating a mere willingness to pay at a future time. A simple declaration of an intention to discharge an obligation is not the equivalent of a promise to pay, but is more in the nature of a desire to do so, from which there is no implication of a promise. ***Id.***

TCO at 5-6.

The trial court concluded that the evidence in the instant matter "indicates that the acknowledgment allegedly offered to [] Appellant by [] Appellee was far from clear, distinct, and unequivocal, thereby preventing the application of the Acknowledgement Doctrine." ***Id.*** at 6. The court provides the following explanation in support of its decision:

> Appellant's own deposition testimony indicates he could not recall any discussion regarding repayment at the time checks were provided to [] Appellee. Furthermore, Appellant failed to recognize the promissory note attached to his own Second Amended Complaint. Appellant also prepared and submitted an Affidavit with his Answer and Cross-motion to [Appellee's] Motion, presumably to rehabilitate the problematic testimony he gave at deposition. A court, however, may disregard an affidavit sworn in response to a motion for summary judgment when it contradicts a fact. ***Stephens v. Paris Cleaners, Inc.***, 885 A.2d 59, 65 (Pa. Super. 2005), citing ***Gruenwald v. Advanced Comput. Applications, Inc.***, 730 A.d 1004, 1009 (Pa. Super. 2005). We found Appellant's Affidavit to lack credibility and chose to disregard it because the assertions contained therein contradicted his own statements of fact contained in his deposition testimony

- 7 -

and because it was filed in response to the Motion for Summary Judgment.

Additionally, the specific acknowledgment averred by [] Appellant in his Complaint contained an expression indicating a mere willingness to pay at a future date:

That despite repeated due demands for payment thereof made annually in or about December of each year since December 2004 through December 2012 by [Appellant] to [Appellee], [Appellee] has reaffirmed and re-acknowledged the aforesaid debt by acknowledging the indebtedness, acknowledging owing the debt to [Appellant], admitting [Appellee] did not have the funds available from which to make payment thereof and agreeing to make payment in the future.

[Appellant's] Second [Amended] Complaint ¶4. In accord with **Huntington**, an acknowledgment which would trigger the tolling of the statute of limitations must be akin to a promise to pay on demand and not a mere willingness to pay at a future time.

Therefore, we held that the Acknowledgment Doctrine was inapplicable in this case and that the Statute of Limitations was not tolled. Accordingly, Appellant's cause of action, unsupported by the Acknowledgment Doctrine, was barred [by] the Statute of Limitations.

There being no genuine issue of material fact regarding the Statute of Limitations, the applicable dates, or the application of the Acknowledgment Doctrine, and there being no allegations of partiality, bias, or ill will levied against the trial court, [w]e hold the order[,] dated December 1, 2017, was a sound application of the applicable law.

TCO at 6-7 (citations to record omitted). After careful review, we discern no error of law or abuse of discretion by the trial court.

Finally, Appellant argues that the trial court erred in finding Appellant's Affidavit contradicted his deposition testimony and, therefore, choosing to disregard his affidavit. Appellant's Brief at 15-17. We deem Appellant's claim to be meritless. "[A] party may file an affidavit to supplement the record in

order to avoid the entry of summary judgment. However, the trial court may then properly disregard the affidavit, and other exhibits, if it is not 'wholly credible.'" ***Burger v. Owens Illinois, Inc.***, 966 A.2d 611, 620 (Pa. Super. 2009).

As noted *supra*, the trial court found the affidavit submitted by Appellant in response to the summary judgment motion to "lack credibility." **See** TCO at 6. We have repeatedly declined to find an abuse of discretion where a trial court discounts affidavits in which an opposing party contradicts prior deposition testimony in an effort to overcome summary judgment. **See** ***Stephens***, **supra** at 65 (finding no abuse of discretion in grant of summary judgment where trial court disregarded affidavit that contradicted earlier deposition testimony); ***Gruenwald v. Advanced Computer Applications, Inc.***, 730 A.2d 1004, 1009 (Pa. Super. 1999) (stating that trial court may disregard affidavit sworn in response to summary judgment motion when it directly contradicts fact and the court therefore finds it not wholly credible); ***Lucera v. Johns-Manville Corp.***, 512 A.2d 661, 667 (Pa. Super. 1986) (concluding the trial court did not abuse its discretion in granting a motion for summary judgment where the court disregarded the appellant's affidavit as not credible because the affidavit contradicted the appellant's testimony at the non-jury trial).

Here, during his deposition, Appellant did not even recognize the promissory note attached to his own second amended complaint, nor could he recall when the note was signed or whether he was present to witness the

execution of the note. *See* TCO at 6; N.T. Deposition, 1/10/17, at 36, 42.

Moreoever, while being questioned by Appellee's counsel, Appellant consistently stated that he could not recall any specific discussions with Appellee regarding repayment of the alleged debt:

Q. Was there any discussion with [Appellee] about repayment of the two $30,000 checks?

A. I can't recall.

…

Q. When was the first time you asked [Appellee] for payment?

A. Probably a year and a half later.

...

Q. Okay. So tell me about that conversation … a year and a half later.

A. I can't remember the conversation. We had a conversation every year, December or January, about the profits of the firm and whether there would be bonuses. And as I mentioned, I don't think there were ever any bonuses.

…

Q. Okay. In 2005, what is your recollection, if any, of what [Appellee's] response was to this discussion?

A. I don't have – I don't have any. I mean, what he said in 2005, I have no idea.

Q. All right. What about 2007? Do you have any idea about that?

A. No.

Q. What about 2008?

A. Generally, he said, you know, I can't pay you until I get enough money, that kind of a – and I don't know if those are his exact words, but something to that effect. And I understand that.

- 10 -

Q. Okay. Was there anything else, other than what you told me, that you recall [Appellee] saying during these discussions, at any time?

A. No, I don't recall.

N.T. Deposition at 47, 49, 52-53.

Appellant's subsequent affidavit filed in response to the motion for summary judgment succinctly describes the money allegedly loaned to Appellee and the note signed by Appellee in September of 2004. Moreover, Appellant claims that beginning in December of 2005, and each year through December of 2012, he asked Appellee about repaying the loan: "Each year [Appellee] specifically told [Appellant] that he knew he owed [Appellant] money and that he would repay [him], but that he did not have the money to make payment then." Appellant's Affidavit 2 ¶5. Appellant's affidavit contradicts his prior deposition testimony, in which he was unable to recall the details surrounding the execution of the note and/or any specifics about discussions with Appellee regarding repayment of the debt. Accordingly, the court was within its discretion to disregard Appellant's affidavit. [4]

For the reasons stated above, we conclude that Appellant failed to establish a genuine issue of material fact. Accordingly, we discern no error of law or abuse of discretion by the trial court, and we affirm the order granting Appellee's motion for summary judgment.

_____

[4] Even if the court were to accept Appellant's Affidavit, we note that Appellant's cause of action would still be time-barred, as the affidavit merely proclaims a willingness on the part of Appellee to pay at a future time, which is not sufficient to trigger the tolling of the statute of limitations pursuant to the Acknowledgement Doctrine. *See Huntingdon, supra*.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/28/18</u>