# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

NEIL NETTLETON,                          )
                                         )
            Appellant,                   )
                                         )
                                         )    C.A. No. CPU4-13-003812
      v.                                 )
                                         )
JENNIFER COHAN,                          )
DIRECTOR OF THE DELAWARE                 )
DIVISION OF MOTOR VEHICLES               )
                                         )
            Appellee.                    )

Submitted: June 11, 2014
Decided: July 1, 2014

Kevin P. O'Neill, Esq.                   Frederick H. Schranck, Esq.
1201 King Street                         Department of Justice
Wilmington, DE 19801                     P.O. Box 778
    *Attorney for the Appellant*         Dover, Delaware 19903
                                             *Attorney for Appellee*

## FINAL ORDER AND OPINION FOLLOWING
## APPEAL FROM THE DIVISION OF MOTOR VEHICLES

Neil Nettleton, Appellant (hereinafter "Nettleton" or "Appellant") brings this appeal from

a decision of the Division of Motor Vehicles (hereinafter "DMV") denying the reinstatement of

his license on the basis of an outstanding permanent revocation of privileges in the state of

Illinois. The DMV denied the reinstatement, as Delaware and Illinois are party states to the Interstate Driver's License Compact (hereinafter "the Compact"), and under Illinois law, any driver with four or more driving under the influence (hereinafter "DUI") convictions will have his license permanently revoked.

## FACTS

Appellant was initially issued a Delaware Driver's License No. 1014750 on October 4, 1990. Appellant was also issued a Delaware license on March 4, 1999. Appellant possessed an Illinois driver's license for a short period of time before surrendering it in July 2000 and receiving a Delaware license. It was during the time Appellant possessed an Illinois license that he was convicted of DUI in Illinois.

Appellant has four DUI convictions.[1] On October 26, 2010, Appellant satisfied all of the requirements necessary[2] for reinstatement of his Delaware driving privileges. However, the State of Illinois revoked Appellant's Illinois license after receiving notice that Appellant had been convicted of a fourth DUI, and as a result, the Delaware DMV refused to issue a new license.

The DMV did not issue a formal denial of Appellant's request for reinstatement, and no hearing was held. The parties agreed that the issue will be addressed on the aforementioned facts.

## STANDARD OF REVIEW

"The standard of review of an appeal from an administrative decision of the DMV is on the record, and, as such, is limited to correcting errors of law and determining whether substantial evidence exists to support the hearing officer's factual findings and conclusions of

---

[1] Two in Delaware (1992 and 2006); one in Illinois (2000); and one in New Jersey (2004).
[2] Appellant satisfied both the legal requirements and the alcohol education and improvement programs required for reinstatement.

2

law."[3] The Court will not reweigh the evidence and substitute its judgment for the decision below if the decision is supported by substantial evidence and is the "product of an orderly and logical deductive process."[4] "The substantial evidence standard demands more than a scintilla but less than a preponderance of the evidence. Substantial evidence requires such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5]

## DISCUSSION

Appellant argues that the DMV erred in refusing to issue a license due to the Illinois permanent revocation because the one-year limit on the extra-territorial revocation has passed. Appellant also argues that the "blind computerization" present in this case violates Article I, Section 6 of the Delaware Constitution.-

I.     The DMV Did Not Err in Refusing to Reinstate Appellant's Privileges

Pursuant to 21 *Del. C.* § 2707(b)(2), "[t]he Department shall not issue an operator's...license to any: (2) Person whose license has been revoked under this chapter until the expiration of 1 year after such license was revoked."

The Illinois statute specifically states that a person may not make an application for a license if the individual has a fourth violation of "similar out-of-state offenses."[6] Defendant, although his fourth DUI occurred in Delaware, still committed four DUIs, and the Delaware DUI is considered a "similar out-of-state offense" for the purpose of applying the Illinois statute.

Under the Compact, if the applicant held a license in another state, which was later revoked, and the revocation was never terminated, the licensing authority in the state where the

---

[3] *Lundin v. Cohan*, 2009 WL 188001, at * 2 (Del. Com. Pl. Jan. 28, 2009) (citing *Shahan v. Landing*, 632 A.2d 1357 (Del 1994)).
[4] *Howard v. Voshell*, 621 A.2d 804, 806 (Del. Super. 1992) (quoting *Quaker Hill Place v. State Human Relations*, Del.Super., 498 A.2d 175, 179 (1985)).
[5] *Howard*, 621 A.2d at 806 (citing *Quaker Hill Place*, 498 A.2d at 179).
[6] 625 *Ill. Comp. Stat.* 5/6-208.

3

application was made shall not issue a license to drive.[7] Appellant relies heavily on the exception contained within this paragraph, which states that after one year has passed from the date of revocation, the individual may apply for a license *if permitted by law*. Arguably, with slightly different facts, if the offense was committed in Delaware, the Court may permit a license reinstatement. However, that is clearly not the case here. As the Court found in *Tull v. Commissioner of the Department of Public Safety*:

> Art. V of the Compact does not provide an exception to § 6-103(A)(3) [Oklahoma's statute prohibiting the issuance of license to individuals meeting certain criteria]. The latter statute plainly prohibits the issuance of an Oklahoma driver's license to an individual who is subject to an extraterritorial revocation or suspension. ...[The Defendant] is ineligible...to apply for an Oklahoma driver's license because his driving privileges are currently revoked in another jurisdiction. To hold otherwise would be inconsistent with the general purpose and object of both the Compact and § 6-103(A)(3).[8]

The Appellant argues that the Court should apply the law as set forth in *State v. Vargason*, a decision out of the Supreme Court of Iowa, in which the Court allowed the one-year exception to apply when allowing for the issuance of a temporary restricted license to an individual whose license had been permanently revoked in Florida.[9] However, that case is distinguishable from this matter, as the Iowa Supreme Court granted the issuance of a *temporary restricted license*, not a completely unrestricted license as the Defendant seeks here.

---

[7] 21 *Del. C.* § 8101 Art. V. § 2.

[8] 176 P.3d 1227, 1232 (Okla.Civ.App. 2007).

[9] 607 N.W.2d 691, 699.

The law of Delaware also encompasses the Compact, which requires the state to respect the laws of other party states. In this matter, then, Delaware law requires the DMV to abide by the permanent revocation from Illinois. As the Court in *Gwin v. Motor Vehicle Administration* stated, "the Compact was not intended to encourage 'the worst and most dangerous drivers to avoid the consequences of their conduct by simply moving into another party state.'"[10] The Compact further states that "[t]he licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways."[11]

Delaware, as the licensing authority, has the authority to take into account safety when determining whether to issue an individual a license. "The licensing authority must make the above-cited determination [whether it will or will not be safe to grant an individual the privilege of driving] as to safety, and the prior revocation, together with the circumstances thereof, will be relevant considerations."[12] Defendant has four DUIs, which causes great concern to this Court when deciding whether to allow for the issuance of Defendant's Delaware license. The Court does not believe that it should risk the safety of its citizens by overturning the DMV's refusal.

Therefore, the Court has found that substantial evidence exists to uphold the decision of the DMV to refuse to issue a license to Appellant. The State of Delaware may recognize revocations that were not issued by Delaware, but by party states to the Compact. This Court recognizes Appellant's argument that there does exist a one-year exception to the revocation paragraph, however, the Compact does not require that each state apply the exception. The State of Delaware should not, as the *Gwin* court reasoned for Maryland, become a "safe harbor for

---

[10] *Gwin v. Motor Vehicle Administration* , 869 A.2d 822, 835 (Md.Ct.App. 2005).
[11] 21 *Del. C.* § 8101 Art. V. § 2.
[12] *Ex. parte Welch*, 519 So.2d 517, 522 (Ala. 1987).

extraterritorial drivers who have incurred harsh penalties in their home state for motor vehicle violations."[13]

## II.     The Use of Computers to Transmit Driving Information Between the State Signatories of the Compact Does Not Violate Art. I, § 6 of the Delaware Constitution

Appellant argues that the information sharing between state computers violates his due process rights, and "leads to Delaware's blind enforcement of another state's non-substantially similar law."[14]  Appellant argues that because the Delaware Constitution provides greater rights for Delaware citizens than under the Constitution of the United States, the Delaware courts must "implicate the State's own protections to vindicate the rights of Delaware citizens."[15]

While Appellant cites case law in support of his argument that he has a right to appeal the decision of the DMV, and that the courts must strive to protect the rights of Delawareans, he offers no actual support, other than his own words, for his argument that denying an individual a license under Delaware law violates that same individual's due process rights.

Appellant may disagree with the sharing of information between party states to the Compact, but preventing information sharing ultimately prevents the giving of full faith and credit to the Compact.

---

[13] *Id.*

[14] Appellant's Reply Brief, p. 6.

[15] *Id.* at 7.  Section 6 reads: "The people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as particularly as may be; nor then, unless there be probable cause supported by oath or affirmation." DEL. CONST., Art. 1, § 6.

## CONCLUSION

It is uncontested that Appellant "foolishly" committed four DUIs,[16] ultimately resulting in a permanent revocation of his driving privileges in Illinois, where Appellant formerly held a license. Under the Compact, party states cannot issue an individual a license if the individual has a revoked license in another state. Although an exception exists, the Court does not apply it to this matter, and instead follows the Compact's terms and instead considers the safety of its citizens utilizing the public highways.

After consideration of the case law, this Court is satisfied that it does not seek to allow a potentially dangerous individual to avoid the consequences of his four DUIs, which includes a permanent license revocation. The Court has considered not only the application of the Compact to this matter, but has applied a policy of protection for its citizens. The Court has determined that "it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways,"[17] and therefore will not overturn the DMV's denial of a license to Appellant.

**IT IS SO ORDERED this 1ˢᵗ DAY OF JULY, 2014**

_____
John K. Welch, Judge

---

[16] "Mr. Nettleton foolishly later picked up two more DUI's [sic], one in New Jersey in 2004 and one in Delaware in 2005." Appellant's Reply Brief, p. 6.

[17] 21 *Del. C.* § 8101 Art. V. § 2.